## HAMILTON et al. v. KELLER et al.
### No. 2105.

Court of Civil Appeals of Texas. Eastland.
Feb. 21, 1941.

Rehearing Denied March 21, 1941.

1012

G. E. Lockhart and W. R. Porter, both of Lubbock, and W. W. Price, of Brownfield, for appellants.

Whitaker, Perkins & Turpin, of Midland, Morrison & Morrison, of Big Spring, Stubbeman, McRae & Sealy, of Midland, and Brooks & Little, of Big Spring, for appellees.

FUNDERBURK, Justice.

By the will of Barbara Hamilton, subject to prior payment of debts and two $5,000 legacies, one-third of her property was devised to Harvey Hamilton and one-third to Eva Burleson (Eva Pike). The remaining one-third was devised to Eva Burleson (Eva Pike) during the life of Tom Hamilton in trust for the use and benefit of the latter, the income of the said one-third being specifically devised to said Tom Hamilton. The remainder, or reversion, of the one-third so devised in trust for Tom Hamilton was devised to the sons of the latter, Louie Hamilton and Stanley Hamilton. The term of the trust was limited to the life of Tom Hamilton, unless at his death said remaindermen, Louie and Stanley Hamilton, were under 21 years of age, in which event the trust was to continue as before until they became 21 years of age.

Tom Hamilton died May 15, 1935, at which time both Louie and Stanley Hamilton were over 21 years of age. (Hence, the trust created by the will ended upon the death of Tom Hamilton.)

Following the death of Barbara Hamilton on April 16, 1923, and the subsequent due probate of her will, Eva Pike qualified as independent executrix and trustee under her said will. By written agreement dated March 31, 1928, Harvey Hamilton, Tom Hamilton and Eva Pike partitioned between themselves the lands belonging to the estate of Barbara Hamilton. In such partition the lands were awarded in severalty as follows:

To Eva Pike Surveys (Sections) 341 and 476 Block D, John H. Gibson Survey. Also Block 146 in town of Plains.

To Tom Hamilton Surveys (Sections) S/2 of 364; all of 339; W ½ of 541, Block D, John H. Gibson Survey. Also Block 44 in town of Plains.

To Harvey Hamilton Surveys (Section) N ½ of 364, all of 365, and E ½ of 541, Block D, John H. Gibson Survey. Also Lots 5 and 6 Block 67, and Lots 5 and 6, Block 99, in town of Plains.

By deed dated August 30, 1928, Tom Hamilton conveyed to Eva Pike the same lands awarded to him in said partition agreement. By deed dated July 4, 1928, Louie Hamilton, for a consideration of $250, conveyed to G. T. Hall all his right, title and interest in said Surveys (Sections) 339, 341, 364, 365, 476 and 541. Likewise by deed dated September 6, 1928, Stanley Hamilton, for a consideration of $25o, conveyed to G. T. Hall all his right, title and interest in said Surveys (Sections) 339, 341, 364, 365, 476 and 541. By deed dated January 20, 1931, G. T. Hall, for a consideration of $500, recited to have been paid by grantee "out of her separate and individual funds", conveyed to Eva Pike all his right, title and interest in said Surveys (Sections) 339, 341, 364, 365, 476 and 541. By deed dated March 5, 1936, Eva Pike, for a consideration of $4,560, conveyed, or quitclaimed, to J. C. Keller said Surveys (Sections) 339, W ½ of 541 and S ½ of 364; or, in other words, the same land, except Block 44 in town of Plains, awarded to Tom Hamilton in said partition agreement. By mineral deed dated March 12, 1936, J. C. Keller, for a nominal consideration, reconveyed to Eva Pike, a ¼₆ interest in the minerals in the same land.

By two deeds dated respectively March 28, 1936, and December 24, 1936, Louie Hamilton and Stanley Hamilton, for a consideration of $1,500 paid to each, quitclaimed to Eva Pike, as declared in said deeds, "all their right, title, interest, claim and demand of every kind and character whatsoever in and to all the property of the said [before mentioned] Barbara Hamilton in which we had interest under the provisions of said will." Each of said deeds further declared that the grantors "do hereby release the said Eva Pike, her heirs and. assigns, from every claim and demand whatsoever in matter of said

property so that hereafter neither we * * * nor our heirs, nor the heirs of either of us, shall have claim or demand any right, title or interest in and to said property, or have any claim or demand against the said Eva Pike, her heirs and assigns, by reason of, or growing out of our interest in said property or any part thereof." Each of said deeds recited the trust provisions of the will of Barbara Hamilton; the devise of the remainder or reversion to Louie and Stanley Hamilton; named all the property, of which said estate consisted; recited the fact of the partition agreement, and named the lands thereby awarded to each of the participants in such agreement. Each deed also recited that Mrs. Eva Pike had sold to J. C. Keller land described as the same land awarded to Tom Hamilton in said partition agreement. A particular recitation in each of said deeds was as follows: "While the said Stanley and Louie Hamilton have heretofore conveyed all of their right, title and interest in and to all of the aforesaid property in which they has [have] an interest, the said Mrs. Eva Pike has realized a profit over and above the amount she paid for said property together with the cost and expenses paid by her in connection with the handling by her of said property, which profit amounts to $3,000, and which sum she is willing to divide equally between the said Stanley Hamilton and Louie Hamilton."

This suit was brought by Louie and Stanley Hamilton, being joined by their two brothers, Millard and Leroy Hamilton, as plaintiffs, naming as defendants J. C. Keller, and others to whom he had conveyed interests in the lands. Also, named as defendants were Harvey Hamilton, Rowland Hamilton, Mrs. Eva Pike and husband, Walter Pike, Mrs. Ethel Crenshaw and husband, W. W. Crenshaw.

The first three paragraphs of plaintiffs' third amended original petition (trial pleading) contained the formal allegations of a statutory action of trespass to try title, wherein the land sued for was all the land of the Barbara Hamilton estate. By subsequent averments of said pleading, however, the true nature of the action is shown to be one to have decreed a trust in lands and to cancel certain conveyances, or, at any rate, the allegations show that the plaintiffs have no title or interest in the land, unless certain conveyances be canceled.

The trial was by jury. At the conclusion of the introduction of evidence, the court peremptorily instructed a verdict in favor of the defendants, and from the judgment rendered in accordance therewith, the plaintiffs have appealed.

■ The case, as it is presented to this court, is complicated by many matters which we deem to be irrelevant. For example, plaintiffs' pleadings contained allegations of fraud claimed to have induced the conveyances by Louie and Stanley Hamilton to G. T. Hall of their reversionary interests in land as devised to them by the will of Barbara Hamilton. Later allegations showed no cause of action was based upon such fraud, if any, since it was further averred that the later conveyance by Hall to Eva Pike was in trust for the plaintiffs, thereby rendering immaterial, except, perhaps, as mere matter of argument; and therefore having no proper place in pleadings whether the conveyances by plaintiffs to Hall were fraudulent or not. Further, it was alleged that the partition of the lands constituting the estate of Barbara Hamilton as between Eva Pike, Harvey Hamilton and Tom Hamilton was void, in violation of the trust, etc., yet it was agreed upon the trial that the partition was fair and equitable thereby demonstrating, as we think, that the plaintiffs had no reason to contend, in any event, that they were entitled to have their interest as remaindermen or reversioners in any other land than that awarded to their father, Tom Hamilton, by the partition agreement. The chief objection, it would appear, to the partition was that one-third of the land was awarded to Tom Hamilton without mention of the trust, and, therefore, as contended, in violation of the trust. This contention, it is believed, is shown to be of no importance, since that defect, if it was such, was remedied by the conveyance of said land shortly thereafter, on August 30, 1928, by Tom Hamilton to Eva Pike. Taken altogether, the terms of the will, the partition agreement and the conveyance from Tom Hamilton to Eva Pike, leave no escape from the conclusion, we think, that Eva Pike continued all along to hold the lands awarded to Tom Hamilton in the partition agreement in trust for Tom Hamilton, as provided in the will, up to the date of his death.

■ Harvey Hamilton and Eva Pike, to whom each, subject to debts and a legacy of $5,000 to Eva Pike and $5,000 to Ethel Crenshaw, was devised a one-third of testator's estate were entitled to have the land partitioned. Tieman v. Baker, 63 Tex. 641. As to joint owners of one-third each of the lands of the estate, and subject to no disability, they were entitled to have their interests set apart to them in severalty. Resort to court to effect such partition was unnecessary, provided they could and did make a partition fair to the owners of the other interests. Louie and Stanley Hamilton, having an interest as remaindermen or reversioners after termination of the estate or interest of Tom Hamilton, not being parties to the agreement were not bound thereby, provided they could show that as to themselves it was not fair and equitable. However, an agreement in the case shows that it was fair and equitable, and we think, by their suit they show no right to have their reversionary interests, even if they had not parted with such interests, attached to any other lands than the lands awarded to Tom Hamilton in said partition agreement. The attack upon the validity of the partition seems to overlook one or more important principles or rules of law. The contention that the partition was without consideration to support it is untenable, since the result of a partition, between tenants in common of lands, is itself a sufficient consideration. The resultant holding of each, in severalty, is a benefit accruing to each, and alone constitutes sufficient consideration.

■■ The contention that the partition was void because one of the parties, Tom Hamilton, had no title or interest in the land, is equally without merit. A partition involves no transfer of title. Walling v. Harendt, Tex.Civ.App., 37 S.W.2d 280, and authorities there cited. Therefore, the title or interest which by the partition was awarded to Tom Hamilton was the same that was devised to him by his mother's will. Its trust nature was in law wholly unaffected.

Stripped of all irrelevancies and superfluities, the action brought by the plaintiffs may properly be said to be one (1) to have the conveyance of January 20, 1931, from G. T. Hall to Eva Pike, insofar as it affected the S½ of section 364, all of 339, and W½ of 541, Block D, John H. Gibson Survey, decreed to have been made in trust for the plaintiffs Louie and Stanley Hamilton; and (2) to cancel, because of fraud, the subsequent quitclaim deeds and

releases of Louie and Stanley Hamilton to Eva Pike.

We are inclined to the view that, under the undisputed evidence, no issue of fact was raised requiring determination by the jury, to the effect that the conveyance from G. T. Hall to Eva Pike was impressed with a trust in favor of Louie and Stanley Hamilton. No trust relation existed based upon the terms of the will of Barbara Hamilton. The contingencies upon which such a trust was provided never happened. Did a trust arise because of Eva Pike's unnecessary and unauthorized suit against G. T. Hall to cancel the conveyances to him of their reversionary interests by Louie and Stanley Hamilton? Under the undisputed facts Eva Pike had no right to maintain such an action, and, therefore, we think had the undoubted right to dismiss it as she did. The evidence failed to show that the conveyance from Hall was taken by Eva Pike in consideration of the dismissal of the suit. The latter paid a consideration of $500 for such conveyance and if the dismissal of the suit furnished a further consideration, the evidence raised no more than a mere surmise or suspicion of such fact. All the evidence, as it appears to us, was just as consistent with the view that, after the suit was filed, the obvious fact was recognized that the conveyances sought to be canceled could not injuriously affect the Barbara Hamilton estate, or any interest of the devisees of such estate, other than the reversionary interests of said Louie and Stanley Hamilton, and that because Eva Pike had no authority to maintain the suit for Louie and Stanley Hamilton, the suit was dismissed, as that Hall recognized merit in the suit and conveyed his interest to Eva Pike as part consideration for the dismissal of the suit. The fact that Louie Hamilton and Stanley Hamilton knew nothing of the suit and did not authorize Eva Pike to bring it for them, instead of favoring their contention, seems to us to militate against it. It shows that they did not fail to take any action against Hall because of anything that Eva Pike did. If their conveyances of their reversionary interest to Hall were induced by fraud, as they charge in their petition in the present suit, only they, or someone claiming directly under them, could assert such fraud to avoid such conveyances. By their inaction they waived the fraud, if any, and in this suit were relegated to the

necessity of showing that Eva Pike, although unauthorized to bring a suit for them, or to assert the fraud, if any, did so without their knowledge, and took the conveyance from Hall of their former interests as trustee for them. Eva Pike was under no disqualification to deal with Hall and purchase for herself the interests he had acquired from Louie and Stanley Hamilton. It is not a question, as we see it, of whether there was evidence to show fraud of a trustee, but rather was there evidence to raise an issue of the existence of an equitable trust? As said, we are inclined to think that if this ground was the sole support of the judgment no error would be shown.

But, if the evidence raised issues regarding such equitable trust, we think as a matter of law Louie and Stanley Hamilton were shown to have been barred of any right of recovery against any of the parties because of their several quitclaim deeds and releases to Eva Pike. The grounds set up for the cancellation of said instruments consisted not in any affirmative false representations, or representations of any kind, but rather in the failure of the alleged trustee to affirmatively disclose material facts. We think the instruments themselves affirmatively recited all the material facts. By the terms of said instruments, said plaintiffs were advised as to the pertinent provisions of the will of Barbara Hamilton; as to the property which passed by her will; as to the partition agreement by which certain property was set aside, in severalty, for, or for the use of, Tom Hamilton, as also that set aside, in severalty, to Harvey Hamilton and Eva Pike. Particularly important is the fact that they were advised by the terms of said instruments that Eva Pike had sold the lands to J. C. Keller. They were charged with knowledge of the law that she could not make an effective sale of said land without some character of title thereto, or right to do so. Further, they were advised by the very terms of the releases that the money she was paying them as consideration was part of the proceeds of such sale.

Under these circumstances the evidence showed no right of recovery against J. C. Keller, or any of the parties claiming under him, because there was no offer to repay the $1,500 consideration received by each of them. Their claims were addressed to the equity powers of the

court and they were under the duty to do equity as a condition precedent to any relief sought. They sought to excuse themselves by contending that the $1,500 paid them was their own money, but there was no evidence to establish such contention.

It is immaterial what profits may have been made by J. C. Keller after his purchase of the land. His rights are to be determined as of the time of such purchase and there was no evidence to show that the $1,500 each paid to Louie and Stanley Hamilton was paid from the proceeds of oil leases or profits out of the land made after the deed under which he acquired his title.

No right of recovery was shown against Eva Pike for one reason because she paid $500 of her own money for the conveyance from Hall and there was no offer to reimburse her for said sum. According to the allegations of their petition, Louie and Stanley Hamilton had each received $250 as consideration for their conveyances to Hall. Certainly we think equity required them to account for this if they were to hold Eva Pike as trustee of a title for which she had paid $500 of her own money.

Further, we think the evidence showed no right of recovery against any of the parties because of its failure to show essential elements of fraud entitling them to a cancellation of the quitclaim deeds and releases to Eva Pike.

It is, therefore, our conclusion that the trial court did not err in instructing a verdict for the defendants, and that the judgment should be affirmed, which is accordingly so ordered.