# NO. 12-12-00180-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BEN JARVIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *ROBERT J. PELTIER, SR.*<br>*AND CALVIN C. SMITH,* | | |
| *APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Ben Jarvis appeals the summary judgment granted in favor of Robert J. Peltier, Sr. and Calvin C. Smith. In two issues, Jarvis contends the trial court improperly granted Peltier's and Smith's motions for summary judgment and denied Jarvis's competing motion for summary judgment. We reverse, render in part, and remand in part.

## BACKGROUND

Jarvis and Smith were cotenants in a twelve acre tract in Smith County, with Jarvis owning an undivided two-thirds interest and Smith owning an undivided one-third interest. Jarvis owned two acres in fee simple adjoining the east side of the twelve acre tract that he and Smith jointly owned. Jarvis proposed to Smith that they partition the twelve acre tract, with Jarvis receiving the eight contiguous acres adjoining his two acre tract, and Smith receiving the four westernmost acres. Jarvis also informed Smith that if they could not reach an agreement, he planned to ask the court to divide the property for them.

Smith made a counterproposal to Jarvis that he would partition the twelve acre tract without going to court if he could have the middle four acres of the tract. Jarvis would then have the western four acres as well as the eastern four acres of the tract. Smith explained that he

wanted the middle four acres because he had already been farming that tract. Jarvis accepted Smith's proposal with the condition that he be given an "option" to purchase Smith's four acre tract if and when Smith decided to sell it.

On March 11, 1998, Jarvis and Smith exchanged deeds to carry out their partition agreement. Additionally, on the same day, Smith signed the following document:[1]

**OPTION**

THE STATE OF TEXAS
COUNTY OF SMITH

For and in consideration of the premises and a part of the consideration of the partition deed this date executed by Ben E. Jarvis and myself. [sic] I have granted and do hereby gran[t] unto Ben E. Jarvis an option to purchase the 4.041 acre tract in the T. Coulter Survey, Smith County, Texas which was set aside to me by deed from Ben E. Jarvis.

The terms of the option are that if I desire to sell the property and I have an offer I would accept, I will submit the offer to Ben E. Jarvis, who shall have thirty days from the date of the submission of the offer to accept. If he does not accept within said 30 day period, I will complete the sale to the other party who made the offer.
Dated this the 11th day of March 1998.

/s/ Calvin C. Smith
CALVIN C. SMITH

THE STATE OF TEXAS
COUNTY OF SMITH

This instrument was acknowledged before me on this the 11th day of March, 1998 by CALVIN C. SMITH.

(NOTARY SEAL)                         /s/ Tara L. Nowlin
                                      Notary of Public, State of Texas

On December 17, 2007, Smith entered into a contract of sale with Peltier in which he agreed to sell his four acre tract to Peltier for $80,000.00. Peltier received a title policy commitment issued by First American Title Insurance showing on its Schedule B as an exception from coverage the "[t]erms of that certain option by and between Calvin C. Smith and Ben E.

---

[1] After Jarvis filed suit, Smith stated that he did not specifically recall signing the option, but he did not deny that he signed it.

Jarvis as recorded in volume 5039, page 22, Official Public Records, Smith County, Texas." On January 17, 2008, Smith executed a deed conveying the property to Peltier for $80,000.00.

In late January 2010, Jarvis learned that Smith had sold the four acre tract to Peltier. He immediately sent both the following letter:

January 29, 2010

Mr. Calvin C. Smith
819 Lyons Ave.
Tyler, Texas  75701

Mr. Robert J. Peltier, Sr.
P. O. Box 7028
Tyler, Texas  75711

Re:  4.037 acres, Tobias Coulter Survey

Gentlemen:

This last week we discovered that Calvin C. Smith and wife, Jimmye Ruth Smith executed a deed to Robert J. Peltier, Sr. dated January 14, 2008, covering 4.037 acres in the Tobias Coulter Survey, A-199 Smith County, Texas.

Attached hereto is a copy of the Option from Calvin C. Smith to me dated March 11, 1998 as recorded in Volume 5039, Page 22 of the Smith County Official Records.

This was the first notice I have had of the above mentioned deed.

I have talked to Mr. Peltier regarding the price he paid to Mr. Smith.  He declined to tell me the sales price.

It would be appreciated of [sic] both of you would contact me regarding this matter.  At this time, I would like to exorcise [sic] the option.

I will need a copy of the cancelled check, closing statement and title policy before declining or accepting any offer.

If I do not receive the information requested within 10 days from your receipt of this letter, I will forward this to my attorney with instructions to file suit to enforce my option.

Yours very truly,<br>/s/ Ben E. Jarvis<br>Ben E. Jarvis

Neither Smith nor Peltier provided the requested information on the 2008 sale of the four acres. Consequently, Jarvis filed suit against both of them.

Peltier filed a traditional motion for summary judgment asserting three affirmative defenses, and Smith adopted Peltier's motion. Later, Smith filed his own traditional motion for summary judgment in which he asserted the same affirmative defenses, but added a claim against Jarvis for attorney's fees. Jarvis filed a traditional motion for summary judgment in which he argued that, as a matter of law, his option was enforceable and he was entitled to summary judgment enforcing the option and awarding him attorney's fees from Peltier and Smith. In the same motion, he argued that Peltier and Smith were not entitled to summary judgment on their affirmative defenses. Without specifying its reasons, the trial court granted Peltier's and Smith's summary judgment motions, including Smith's claim for attorney's fees, and denied Jarvis's motion. This appeal followed.

## THE "OPTION"

Initially, we note that the parties disagree about the effect of the document (the "option agreement") Smith signed on March 11, 1998. Jarvis contends it gave him a "right of first refusal" if Smith decided to sell his four acre tract. Peltier and Smith contend that, according to the plain language of the document, Jarvis acquired an ordinary option to purchase the four acre tract. Because "right of first refusal" and "option" have distinct meanings, we must first decide which applies in this case.

A right of first refusal or preemptive right to purchase requires the owner of the subject property to offer the property first to the holder of the right on the same terms and conditions offered by or to a bona fide purchaser. *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 644 (Tex. 1996); *City of Brownsville v. Golden Spread Elec. Co-op., Inc.*, 192 S.W.3d 876, 880 (Tex. App.–Dallas 2006, pet. denied). The holder of a right of first refusal has no right to compel or prevent a sale. *Hicks v. Castillo*, 313 S.W.3d 874, 881 (Tex. App.–Amarillo 2010, pet. denied).

An option, on the other hand, is a privilege or right that the owner of the property gives another to buy certain property at a fixed price within a certain time. *Casa El Sol-Acapulco, S.A. v. Fontenot*, 919 S.W.2d 709, 717 n.9 (Tex. App.–Houston [14th Dist.] 1996, writ dism'd). By acquiring an option to purchase property, the holder of the option purchases the right to compel a sale of the property on stated terms before the expiration of the option. *Id*.; *Riley v.*

4

*Campeau Homes (Tex.), Inc.*, 808 S.W.2d 184, 188 (Tex. App.–Houston [14th Dist.] 1991, writ dism'd).

In this case, the option agreement states that Jarvis is granted an "option to purchase" the four acre tract. But the option agreement does not give Jarvis a right to compel Smith to sell the property and does not state a fixed purchase price for the property. *See Fontenot*, 919 S.W.2d at 717 n.9; *Riley*, 808 S.W.2d at 188. Nor does it specify a fixed expiration date. *See Fontenot*, 919 S.W.2d at 717 n.9; *Riley*, 808 S.W.2d at 188. Instead, the option agreement states that if Smith desires to sell the property and has an offer he would accept, he will submit the offer to Jarvis, who would then have thirty days "to accept." This language creates a preemptive right to purchase in the event Smith should decide to sell. *See Tenneco, Inc.*, 925 S.W.2d at 644. Accordingly, we conclude that the option agreement is, in substance, a right of first refusal. *See id.*; *Sanchez v. Dickinson*, 551 S.W.2d 481, 483, 484 (Tex. Civ. App.–San Antonio 1977, no writ) (holding that, based on language, "Option Contract of Purchase" was right of first refusal).

## SUMMARY JUDGMENT–OPTION AGREEMENT

In his first issue, Jarvis contends the trial court improperly granted Peltier's and Smith's summary judgment motions, and should have granted Jarvis's summary judgment motion. Peltier and Smith contend that summary judgment in their favor was proper. In their motions, Peltier and Smith raised affirmative defenses asserting that (1) the option agreement was not supported by consideration, (2) the option agreement violated the rule against perpetuities, and (3) Jarvis failed to comply with the option agreement. However, their arguments in their summary judgment motions and on appeal are based on their contention that Jarvis acquired an ordinary option to purchase the property. We have concluded that Jarvis acquired a right of first refusal. Therefore, we resolve Peltier's and Smith's issues on appeal by applying the law pertaining to rights of first refusal.

### Standard of Review

The standard for reviewing a traditional summary judgment is well established. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003); *Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a

matter of law. TEX. R. CIV. P. 166a(c); **Nixon**, 690 S.W.2d at 548. A defendant must establish each element of an affirmative defense when it moves for summary judgment based on that affirmative defense. *See **Randall's Food Mkts., Inc. v. Johnson***, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See **City of Houston v. Clear Creek Basin Auth.***, 589 S.W.2d 671, 678-79 (Tex. 1979).

We review the trial court's summary judgment de novo. **Valence Operating Co. v. Dorsett**, 164 S.W.3d 656, 661 (Tex. 2005). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See **City of Keller v. Wilson***, 168 S.W.3d 802, 827 (Tex. 2005).

When, as here, both sides move for summary judgment and the trial court grants one side's motions and denies the other side's, we review the summary judgment evidence presented by both sides and determine all questions presented. **Mann Frankfort Stein & Lipp Advisors, Inc., v. Fielding**, 289 S.W.3d 844, 848 (Tex. 2009). We then render the judgment that the trial court should have rendered. **Id**.

## Lack of Consideration

Peltier and Smith first contend that the trial court correctly granted summary judgment in their favor because they established that the option agreement between Smith and Jarvis was not supported by consideration.

Consideration is a fundamental element of every valid contract. **Critchfield v. Smith**, 151 S.W.3d 225, 233 (Tex. App.–Tyler 2004, pet. denied). Consideration is defined as either a benefit to the promisor or a loss or detriment to the promisee. **N. Natural Gas Co. v. Conoco, Inc.**, 986 S.W.2d 603, 607 (Tex. 1998). In a partition, each cotenant receives a specific share of property and holds it to the exclusion of the other cotenants who formerly had equal rights to possession with him. **Garza v. Cavazos**, 221 S.W.2d 549, 552 (Tex. 1949). The resultant holding of each in severalty is a benefit accruing to each, and alone constitutes sufficient consideration for the partition. **Hamilton v. Keller**, 148 S.W.2d 1011, 1014 (Tex. Civ. App.– Eastland 1941, no writ).

6

The consideration for the privilege of purchasing property under a right of first refusal is not separate from the consideration for the partition of real property. *See **Riley***, 808 S.W.2d at 188. Where an agreement to partition real property and a right of first refusal constitute one contract, the provisions of which are interdependent, the consideration for the partition will also support the right of first refusal. *See **Henderson v. Nitschke***, 470 S.W.2d 410, 414 (Tex. Civ. App.–Eastland 1971, writ ref'd n.r.e.).

In this case, Jarvis told Smith that he wanted the eight contiguous acres adjoining his two acre tract, and would file a partition suit if he and Smith could not reach an agreement. Smith wanted the middle four acres because he farmed it. Jarvis agreed to Smith's proposal on the condition that he be granted an "option" to purchase the middle four acres. The option agreement states that it is a part of the consideration for the partition. Thus, the agreement to partition real property and the option agreement constitute one contract, and its provisions are interdependent. *See **id***. As such, the resulting ownership of the tracts in severalty constituted consideration for partition as well as the March 11, 1998 option agreement. *See **Hamilton***, 148 S.W.2d at 1014. Accordingly, we hold that Peltier and Smith failed to establish their right to summary judgment on their affirmative defense of lack of consideration. Therefore, summary judgment in their favor on this ground was improper.

**Rule Against Perpetuities**

Peltier and Smith next contend that the trial court correctly granted summary judgment in their favor because they established that the option agreement violated the rule against perpetuities. We have concluded, however, that the option agreement is, in substance, a right of first refusal. In Texas, a preferential right to purchase or a right of first refusal does not violate the rule against perpetuities. ***Cherokee Water Co. v. Forderhause***, 641 S.W.2d 522, 526 (Tex. 1982). Therefore, the option agreement in this case does not violate the rule against perpetuities. *See **id***. Consequently, Peltier and Smith failed to establish their right to summary judgment on their affirmative defense that the option agreement violates the rule against perpetuities. Thus, summary judgment in their favor on this ground was improper.

**Noncompliance with Option Agreement**

Finally, Peltier and Smith argue that the trial court correctly granted summary judgment in their favor because Jarvis failed to comply with the terms of the option agreement when he attempted to enforce it. Jarvis responds that because Peltier and Smith refused to provide him

with the terms of their sale, he never had the opportunity to comply. He also argues that his duty to strictly comply with the option agreement was excused.

A right of first refusal is essentially a dormant option. *A.G.E., Inc. v. Buford*, 105 S.W.3d 667, 673 (Tex. App.–Austin 2003, pet. denied). It requires the owner, before selling the property to another, to offer the property to the rightholder on the same terms or conditions specified in the offer by or to a bona fide purchaser. *See Tenneco, Inc.*, 925 S.W.2d at 644; *City of Brownsville*, 192 S.W.3d at 880. The property owner has an initial duty to make a reasonable disclosure of the offer's terms. *McMillan v. Dooley*, 144 S.W.3d 159, 174 (Tex. App.–Eastland 2004, pet. denied). When the property owner expresses its intention to sell, the rightholder must, in compliance with the terms of the right, elect to either purchase the property or decline to purchase it and allow the owner to sell it to another. *See Buford*, 105 S.W.3d at 673.

A purchaser from a seller who has given a right of first refusal to buy takes the property subject to that right. *See Sanchez*, 551 S.W.2d at 485. A transfer in violation of the preemptive right is equivalent to a declaration by the owner that he intends to sell the property. *Martin v. Lott*, 482 S.W.2d 917, 922 (Tex. Civ. App.–Dallas 1972, no writ). Consequently, when the rightholder learns of a sale in violation of his right, he again has the opportunity to elect to purchase or decline to purchase within the time frame specified in the contract creating the right of first refusal. *See Buford*, 105 S.W.3d at 673. The rightholder does not have a duty to act in order to exercise his preferential purchase right unless and until he receives a reasonable disclosure of the terms of the sale. *See McMillan*, 144 S.W.3d at 174. The new property owner has a duty to make reasonable disclosure of the terms of the purchase to the rightholder. *See Buford*, 105 S.W.3d at 673.

Where a defendant has openly and avowedly refused to perform his part of the contract or declared his intention not to perform it, the rightholder need not make tender of payment of the consideration before bringing suit. *See Chambers v. Hunt Petroleum Corp.*, 320 S.W.3d 578, 583 (Tex. App.–Tyler 2010, no pet.). Moreover, a tender of consideration is excused where the property owner intentionally avoids giving the rightholder an opportunity of making it. *Id*.

Here, Smith failed to comply with the option agreement by not informing Jarvis of Peltier's offer and then selling the property to Peltier. Once Jarvis learned of the sale, which was approximately two years after it was completed, he contacted Peltier and Smith in an attempt to learn the terms of the sale and exercise his right of first refusal. Neither Peltier nor Smith

provided Jarvis with the information he requested, and he filed suit against them. Ultimately, Jarvis learned the terms of the sale by conducting discovery in his suit.

Nevertheless, Peltier and Smith argue that Jarvis is not entitled to enforce his right of first refusal because he did not exercise it within thirty days after he learned of the sale. They assert that Jarvis's right matured into an enforceable option once he learned of the sale and that he was then required to act in strict compliance with its terms. However, upon learning of the sale, Jarvis was unable to obtain reasonable disclosure of the terms under which Peltier purchased the property. Therefore, he was prevented from exercising his right of first refusal within thirty days after he learned of the sale. *See Chambers*, 320 S.W.3d at 583. This excused his failure to act. *See id*. Accordingly, we hold that Peltier and Smith did not establish their right to summary judgment on their affirmative defense that Jarvis failed to comply with the option agreement. Thus, summary judgment in their favor on that ground was improper.

## Jarvis's Motion for Summary Judgment

To prove a breach of contract claim, the following elements must be satisfied: (1) there was a valid contract, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff was damaged as a result of the breach. *Critchfield*, 151 S.W.3d at 233. Regarding the second element, a party seeking specific performance of a contract for the sale of real property must prove only that he is ready, willing, and able to pay the agreed price for the property and perform the essence of the agreement and offer to do so. *Riley*, 808 S.W.3d at 188. A sale or transfer of property burdened by a right of first refusal without making an offer to the holder of the right is a breach of contract for which the remedy of specific performance is available. *Id*.

When a purchaser who has knowledge of the right of first refusal purchases real property, he stands in the shoes of the original seller when specific performance is sought and may be compelled to convey title to the first purchaser. *Abraham Inv. Co. v. Payne Ranch, Inc.*, 968 S.W.2d 518, 527 (Tex. App.–Amarillo 1998, pet. denied).

Here, Jarvis argued that he was entitled to summary judgment enforcing the option agreement as a matter of law. Specifically, he argued that Smith breached the option agreement by selling the four acre tract to Peltier without first submitting Peltier's offer to Jarvis. He contended further that the right of first refusal was enforceable against Peltier because the four

9

acre tract was burdened by the option agreement, which created a right of first refusal, when Peltier acquired the property.

Jarvis's summary judgment evidence consists of Jarvis's correspondence with Smith relating to the proposed partition; the deeds partitioning the original twelve acre tract between Jarvis and Smith; the option agreement; the real estate contract, title policy commitment, closing documents, and warranty deed relating to Smith's sale of the four acre tract to Peltier; Jarvis's letter to Peltier and Smith after he learned of the sale of the property to Peltier; excerpts from the depositions of Jarvis and Smith; and Jarvis's affidavit. This evidence conclusively shows that (1) Smith and Jarvis had a valid option agreement, which required Smith to first offer the property to Jarvis upon receiving an offer Smith would accept; (2) Smith received an offer to purchase from Peltier and sold the property to Peltier without first offering the property to Jarvis on the same terms; (3) Jarvis has at all times been ready, willing, and able to purchase the property on the same terms under which Smith sold it to Peltier; (4) Peltier acquired the property from Smith with notice of the recorded option agreement; and (5) Jarvis attempted to learn the terms of the sale from both Peltier and Smith, but neither Peltier nor Smith provided him with the requested information prior to his filing suit. Therefore, we conclude that Jarvis established a right to summary judgment as a matter of law that the option agreement was enforceable against Peltier and Smith. Thus, the burden shifted to Peltier and Smith to present to the trial court any issues that would preclude summary judgment. *See City of Houston*, 589 S.W.2d at 678-79.

In their responses to Jarvis's summary judgment motion, Peltier and Smith raised the three affirmative defenses that they relied on in their motions for summary judgment. We have held that Peltier and Smith did not establish their affirmative defenses and therefore were not entitled to summary judgment as a matter of law. We also hold that the assertion of these same affirmative defenses was insufficient to preclude summary judgment in Jarvis's favor.

Peltier refers us to his argument in the trial court that Jarvis failed to comply with the terms of the option agreement when he attempted to exercise it and requested documentation for the terms of the sale that was not mentioned in the option agreement. He argues that this "called into question" whether Jarvis was in fact "ready, willing, and able to perform" the option agreement and created a fact issue for the jury. We have already addressed Peltier's argument regarding Jarvis's noncompliance with the option agreement and concluded that strict compliance was excused. And we do not agree that Jarvis's request for documentation of the

10

terms of the sale creates a fact issue for the jury. Moreover, "[w]hen the seller has conspicuously breached the contract, it is only necessary that the purchaser be ready and willing, and offers to perform within his pleadings." **Abraham Inv. Co.**, 968 S.W.2d at 527. It is sufficient for the purchaser to plead that he "is ready, able and willing" to perform. **Burford v. Pounders**, 199 S.W.2d 141, 145 (Tex. 1947). Jarvis included this language in his first amended petition, in his motion for summary judgment, and in his affidavit submitted as summary judgment evidence. Therefore, he has satisfied this requirement.

## Conclusion

Peltier and Smith failed to establish their right to summary judgment on their affirmative defenses as a matter of law. They also failed to include any matters in their responses to Jarvis's motion for summary judgment that would preclude summary judgment in Jarvis's favor. Therefore, the trial court erred in granting Peltier's and Smith's motions for summary judgment and denying Jarvis's motion. Jarvis's first issue is sustained.

### SUMMARY JUDGMENT–ATTORNEY'S FEES

In his second issue, Jarvis contends that the trial court erred in awarding Smith his attorney's fees from Jarvis, and denying Jarvis his attorney's fees from Peltier and Smith.

## Applicable Law

A person may recover reasonable attorney's fees, in addition to the amount of a valid claim and costs, if the claim is "for an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). A "valid claim" under this statute is not limited to an action for monetary damages and may include an action for specific performance. **Rasmusson v. LBC PetroUnited, Inc.**, 124 S.W.3d 283, 287 (Tex. App.–Houston [14th Dist.] 2003, pet. denied). An award of reasonable attorney's fees to a party recovering on a claim founded on a written or oral contract is mandatory under Texas law. **Jackson Law Office, P.C. v. Chappell**, 37 S.W.3d 15, 23 (Tex. App.—Tyler 2000, pet. denied). But Section 38.001(8) does not authorize recovery of attorney's fees by a defendant who only defends against a plaintiff's claim and presents no claim of his own. **Thottumkal v. McDougal**, 251 S.W.3d 715, 719 (Tex. App.–Houston [14th Dist.] 2008, pet. denied).

The Declaratory Judgment Act provides in pertinent part that "[a] person . . . whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any

question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008). The court may award costs and reasonable and necessary attorney's fees as are equitable and just in a declaratory judgment action. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008).

**Analysis**

Jarvis sought a summary judgment for attorney's fees against Peltier and Smith. Peltier responded that Jarvis was not entitled to recover attorney's fees against him because the lawsuit was a breach of contract suit between Jarvis and Smith. Therefore, Peltier urged, any claim for declaratory relief was an impermissible attempt to recover attorney's fees. Smith filed his own response that did not address attorney's fees, and also adopted Peltier's response to the extent it did not "conflict with [Smith's] position." He later filed a supplemental motion for summary judgment in which he sought attorney's fees from Jarvis. The trial court granted summary judgment for Smith's attorney's fees, denied Jarvis's summary judgment motion for attorney's fees, and ordered Jarvis to pay $32,800 to Smith for attorney's fees through trial and on appeal.

1.     **Breach of Contract**

Smith cited Texas Civil Practice and Remedies Code Section 38.001 in support of his request for attorney's fees. But Smith only defended against Jarvis's breach of contract claim; he did not present his own breach of contract claim. Section 38.001(8) does not authorize recovery of attorney's fees by a defendant who only defends against a plaintiff's claim. *Thottumkal*, 251 S.W.3d at 719. And even if attorney's fees were available for successfully defending against a breach of contract claim, we have held that the trial court erroneously granted Smith's motion for summary judgment against Jarvis. Therefore, Smith is no longer a prevailing party. Because Smith did not establish that he was entitled to summary judgment as a matter of law for attorney's fees under Section 38.001(8), summary judgment for attorney's fees based on that section was improper.

2.     **Declaratory Judgment**

Smith also asserted that Texas Civil Practice and Remedies Code Section 37.009 supports summary judgment for his attorney's fees. Jarvis contended in the trial court, and continues to argue here, that he did not sue Smith under the Declaratory Judgment Act. Smith maintains that paragraph 9 in Jarvis's first amended petition and the prayer for relief, when read together,

12

mandate a contrary conclusion. To resolve the question, we consider Jarvis's prayer for relief in the context of the language in the entire body of the petition, rather than along with paragraph 9 only. *See Denver City Indep. Sch. Dist. v. Moses*, 51 S.W.3d 386, 391-92 (Tex. App.–Amarillo 2001, no pet.); *In re City of Dallas*, 977 S.W.2d 798, 804 (Tex. App.–Fort Worth 1998, orig. proceeding).

In paragraphs 1 through 7 of his petition, Jarvis alleged a breach of contract claim against Smith for selling the four acre tract to Peltier without first offering it to Jarvis as required by the option agreement. As part of paragraph 7, Jarvis alleged that he "does not have an adequate remedy at law and is entitled to the equitable remedy of specific performance. Accordingly, Jarvis requests an order compelling Smith to specifically perform his obligations as provided in the Option."

Peltier was not a party to the option agreement, but Jarvis sought to enforce the option agreement against him as well. Accordingly, in paragraph 8, Jarvis alleged that (1) his duty to act under the option agreement was never triggered because Smith never submitted Peltier's offer to Jarvis as required by the terms of the option agreement; (2) after discovering Smith's sale to Peltier, Jarvis wrote a letter to Smith and Peltier attempting to learn the terms on which Peltier purchased the property; (3) Smith and Peltier did not provide the terms of sale; and (4) Smith's failure to comply with the option agreement by submitting the offer to Jarvis excused any alleged noncompliance by Jarvis. By these allegations, Jarvis in effect asserts that, even though he did not exercise his right of first refusal within the time frame provided in the option agreement, he was prevented from doing so, and therefore his failure to act was excused. He also implicitly argues that he still has an opportunity to exercise his right of first refusal. *See Buford*, 105 S.W.3d at 673. These allegations relate to the enforceability of the option agreement against Peltier.

In paragraph 9, Jarvis requested a declaratory judgment "that the Option is valid and enforceable; that Peltier acquired the property from [Smith] subject to the Option; that Jarvis is entitled to enforce the Option; and that Peltier must convey the property to Jarvis on the same terms as Peltier acquired the property." This request for relief also relates to the enforceability of the option against Peltier and is consistent with the allegations in paragraph 8.

In Jarvis's prayer, he requested "declaratory relief as specified [in paragraph 9]." Based upon our reading of paragraphs 1 through 9 and our consideration of the prayer in that context,

13

we hold that Jarvis's request for declaratory relief pertains to Peltier only and that the only claim Jarvis alleged against Smith was for breach of contract. Accordingly, we further hold that Smith did not establish that he was entitled to summary judgment as a matter of law for attorney's fees under Section 37.009, and summary judgment for attorney's fees under that section was improper.

**Jarvis's Attorney's Fees**

We have held that the trial court should have denied Smith's motion for summary judgment on his affirmative defenses and granted Jarvis's motion for summary judgment on his breach of contract claim against Smith. Therefore, Jarvis was successful on his breach of contract claim against Smith and is entitled to recover attorney's fees from Smith. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8); *Chappell*, 37 S.W.3d at 21. Because the award of Jarvis's attorney's fees against Smith is mandatory, we conclude that remand is appropriate. *See Chappell*, 37 S.W.3d at 21.

Peltier argues that Jarvis cannot recover attorney's fees against him because Jarvis "simply [added] a claim for declaratory relief to a breach-of-contract claim for which fees would not otherwise be permitted." In *MBM Financial Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660 (Tex. 2009), cited by Peltier, the appellee asserted claims for breach of contract, fraud, and declaratory relief against the appellant. *Id.* at 663. After a bench trial, the appellee was awarded money damages on its breach of contract claim and attorney's fees under Section 38.001. *Id*. Ultimately, the supreme court rendered judgment that the appellee take nothing as damages on its breach of contract claim and held that the attorney's fee award could not be affirmed based on Chapter 38 of the civil practice and remedies code. *Id*. at 666. The court further concluded that attorney's fees could not be awarded under the Declaratory Judgment Act because the declarations in the judgment duplicated issues already before the court. *Id.* at 671. That is not the case here.

Jarvis's breach of contract claim was based on Smith's failure to offer the four acre tract to Jarvis, as required by the option agreement, before selling it to Peltier. A favorable judgment on this claim allows Jarvis to enforce the option agreement against Smith. Peltier correctly points out that "a subsequent purchaser stands in the shoes of the original seller when specific performance is sought and may be compelled to convey title to the first purchaser." *Abraham Inv. Co.*, 968 S.W.2d at 527. But specific performance against Peltier is available only upon

14

Jarvis's showing that Peltier purchased the property from Smith with knowledge of Jarvis's right of first refusal and that Jarvis's right is enforceable against Peltier despite his failure to exercise it in accordance with the terms of the option agreement. This proof was not necessary for Jarvis to prevail on his breach of contract claim against Smith. Therefore, unlike the appellee in *MBM Financial Corp.*, Jarvis's declaratory judgment claim does not merely duplicate issues already before the court. *See MBM Fin. Corp.*, 292 S.W.3d at 671.

A declaratory judgment was an appropriate vehicle for establishing the enforceability of the option agreement against Peltier. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *MBM Fin. Corp.*, 292 S.W.3d at 671. Because we have held that Jarvis was entitled to summary judgment on his claim for declaratory relief against Peltier, an award of attorney's fees in Jarvis's favor may be equitable and just. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. When declaratory relief is requested and the trial court awards attorney's fees to the party who prevailed in the trial court, we may remand upon reversal of the trial court's judgment for reconsideration of attorney's fees in light of our disposition on appeal. *See Coghill v. Griffith*, 358 S.W.3d 834, 841 (Tex. App.–Tyler 2012, pet. denied). Under the facts presented here, we conclude that remand is appropriate. *See id*.

Jarvis's second issue is sustained.

## DISPOSITION

Because we have sustained Jarvis's two issues against both Smith and Peltier, we *reverse* the judgment against Jarvis. We *render* judgment granting Jarvis's request for specific performance of the option agreement against Smith and Peltier. Specifically, with respect to Peltier, we *render* judgment declaring that (1) the option agreement dated March 11, 1998, between Calvin C. Smith and Ben E. Jarvis is enforceable against Peltier; (2) Peltier acquired the four acre tract subject to the option agreement; (3) Jarvis is entitled to enforce the option agreement; and (4) Peltier must convey the property to Jarvis on the same terms as Peltier acquired the property from Smith. We *render* judgment that Smith take nothing for his claim of attorney's fees against Jarvis. And finally, we *sever* the issue of Jarvis's attorney's fees and *remand* this cause to the trial court for further proceedings to determine the amount of attorney's fees Jarvis is entitled to recover from Peltier and Smith under Texas Civil Practice and Remedies Code Sections 37.009 and 38.001(8) and 37.009.

15

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle*

(PUBLISH)

16



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 24, 2013**

**NO. 12-12-00180-CV**

**BEN JARVIS,**
Appellant
V.
**ROBERT J. PELTIER, SR. AND CALVIN C. SMITH,**
Appellees

---

Appeal from the 241st Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 10-1052-C)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment against Ben E. Jarvis be *reversed*.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that judgment be *rendered* against Robert J. Peltier, Sr. and Calvin C. Smith granting Ben Jarvis specific performance of the option agreement dated March 11, 1998, between Calvin C. Smith and Ben Jarvis, recorded in volume 5039, page 22, Official Public Records, Smith County, Texas; and with respect to Robert J. Peltier, that judgment be *rendered* declaring that (1) the aforementioned option agreement is enforceable against Robert J. Peltier; (2) Peltier acquired the subject property, being 4.037 acres located in the Tobias Coulter Survey, A-199, Smith County, Texas, and more particularly described in a deed from Ben E. Jarvis to Calvin C. Smith dated April 2, 1998, recorded in

17

volume 4269, page 67, Official Public Records, Smith County, Texas, subject to the option agreement; (3) Ben E. Jarvis is entitled to enforce the option agreement; and (4) Robert J. Peltier must convey the property to Ben E. Jarvis on the same terms as Robert J. Peltier acquired the property from Smith.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment be **rendered** that Smith take nothing on his claim for attorney's fees against Ben E. Jarvis.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the issue of Ben E. Jarvis's attorney's fees be *severed* and this cause be *remanded* to the trial court for further proceedings consistent with this opinion to determine the amount of attorney's fees Ben E. Jarvis is entitled to recover against Smith and Peltier under Texas Civil Practice and Remedies Code Sections 37.009 and 38.001(8) and 37.009.

IT IS FINALLY ORDERED, ADJUDGED, and DECREED that all costs of this appeal are hereby adjudged against the Appellees, Robert J. Peltier and Calvin C. Smith, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*