

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00512-CV

**MR. W FIREWORKS, INC.**,
Appellant

v.

**CONCHO ACQUISITION PARTNERS, LLC**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-03698
Honorable Tina Torres, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 22, 2023

AFFIRMED IN PART; REVERSED AND RENDERED IN PART; REVERSED AND
REMANDED IN PART

Appellant Mr. W Fireworks, Inc. appeals the trial court's order granting summary judgment

in favor of appellee Concho Acquisition Partners, LLC and declaring a right of first refusal lease

provision void. According to Mr. W, the lease's right of first refusal provision is enforceable, and

it is entitled to specific performance as a matter of law. Because we conclude the right of first

refusal provision survives the expiration of the lease, we reverse the trial court's summary

judgment in favor of Concho, render judgment the right of first refusal provision is enforceable,

and remand the issue of attorney's fees for further proceedings. We affirm the trial court's judgment in all other respects.

## BACKGROUND

In 2014, Mr. W entered a lease agreement with Fred Jimenez for the purpose of selling fireworks. The agreement covered a small portion of frontage land carved out of a larger tract of land owned by Jimenez. It was for a one-year term and provided Mr. W five consecutive one-year extension options. It also included the following provision, which the parties refer to as the right of first refusal provision:

> Lessor(s) agree as an independent restriction that survives the lease not to sell or lease any part of said property including any adjoining or contiguous property to any person(s) or corporation for the purpose of selling fireworks in competition to the Lessee during the term of this lease including all options, and for a period of ten years after lease is terminated, Lessor will give Lessee first right of refusal should Lessor decide to sell.

The agreement further provided the covenants and agreements of the lease would run with the land.

When Mr. W declined to exercise his one-year options for 2018 and 2019, the lease expired. Jimenez then contracted to sell his property, including the frontage land previously covered by the lease, to Zoeller Lane, LLC in 2020. Shortly thereafter, Zoeller assigned its rights in the purchase contract to Concho Acquisition Partners, LLC. When Mr. W discovered Jimenez was planning to sell the frontage land, it offered to match the purchase contract's terms. Concho sent Mr. W a cease and desist letter, demanding Mr. W stop contacting Jimenez and tortiously interfering with the purchase contract.

Concho ultimately sued Mr. W and Jimenez seeking a declaration the right of first refusal provision in the lease was void and unenforceable. Concho also sought attorney's fees under the Uniform Declaratory Judgments Act. Jimenez and Mr. W answered by general denial, and Mr. W

counterclaimed, seeking a declaration the right of first refusal lease provision was valid and enforceable and alleging Concho breached the lease agreement terms. Mr. W also sought attorney's fees and specific performance requiring Concho to convey it title of the property.

Concho moved for partial summary judgment on its declaratory judgment claim, arguing the right of first refusal provision was void and unenforceable as a matter of law because Mr. W no longer owned a present interest in the property. Mr. W also moved for partial summary judgment, contending the right of first refusal provision was enforceable because the plain language of the contract shows the parties intended for it to survive the lease's expiration. Mr. W further contended Concho's actions preventing Jimenez from selling it the property constituted a breach of the lease agreement and entitled it to specific performance. After hearing the parties' motions, the trial court granted partial summary judgment in favor of Concho and declared the right of first refusal provision void and unenforceable. The trial court also denied Mr. W's motion. Mr. W then filed a "Motion for Clarification and Reconsideration," and Concho and Jimenez submitted requests for attorney's fees to the trial court. Later, in a final judgment, the trial court denied Mr. W's motion and the submitted requests for attorney's fees, making the partial summary judgment final and appealable. This appeal followed.

## ANALYSIS

On appeal, Mr. W argues the trial court erred in granting Concho's motion for partial summary judgment and declaring the right of first refusal provision in the lease void and unenforceable. According to Mr. W, the survivability of the right of first refusal provision depends on the parties' intent as expressed in the lease agreement. Mr. W contends the lease agreement clearly shows they agreed Jimenez would be restricted "from selling or leasing the land to Mr. W's competitors for ten years after the expiration of the [l]ease[,]" and Mr. W would have a right of first refusal during such period. Mr. W further argues even if this right depended on owning a

current interest in the leased premises, the lease agreement's ten-year restriction on Jimenez not to sell the leased premises to a competitor constitutes such an interest. In addition, Mr. W contends because it properly invoked its right of first refusal, Concho's actions are a breach of the lease agreement and entitle Mr. W to specific performance as a matter of law. Finally, Mr. W requests we remand the case to the trial court with respect to the attorney's fees issue.

### Standard of Review

We review a trial court's ruling on a traditional motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). "To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* When, as in this case, competing motions for summary judgment are filed, each movant has the burden of establishing its entitlement to judgment as a matter of law. *Id.* If the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered if we determine it erred. *Id.*

### Right of First Refusal

"A right of first refusal, also known as a preemptive or preferential right, empowers its holder with a preferential right to purchase the subject property on the same terms offered by or to a bona fide purchaser." *Archer v. Tregellas*, 566 S.W.3d 281, 286–87 (Tex. 2018) (quoting *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 644 (Tex. 1996)); *Mr. W Fireworks, Inc. v. 731 Props., LLC*, No. 07-21-00029-CV, 2022 WL 1462400, at *3 (Tex. App.—Amarillo May 9, 2022, no pet.) (mem. op.). In general, the grantor must notify the right holder of his intent to sell the property and offer the right holder the property based on the same terms and conditions submitted by a third party. *Archer*, 566 S.W.3d at 287; *Mr. W Fireworks,* 2022 WL 1462400, at

\*3.  Once the grantor provides notice to the right holder, "the right ripens into an enforceable option."  *Archer*, 566 S.W.3d at 287 (quoting *FWT, Inc. v. Haskin Wallace Mason Prop. Mgmt.*, LLP, 301 S.W.3d 787, 793 (Tex. App.—Fort Worth 2009, pet. denied)) (internal quotation marks omitted); *Mr. W Fireworks*, 2022 WL 1462400, at \*3.  "The [right] holder may then elect to purchase the property according to the terms of the instrument granting the right of first refusal and the third party's offer or decline to purchase it and allow the owner to sell to the third party." *Mr. W Fireworks*, 2022 WL 1462400, at \*3 (citing *Archer*, 566 S.W.3d at 287).

The scope of a right of first refusal provision must be interpreted by the language used in the contract.  *Startex First Equip., Ltd. v. Aelina Enters., Inc.*, 208 S.W.3d 596, 600 (Tex. App.—Austin 2006, pet. denied) (explaining right of first refusals are bargained-for contractual provisions).  "In construing a contract, we must ascertain and give effect to the parties' intentions as expressed in the document." *Frost Nat. Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311–12 (Tex. 2005); *see Tarr*, 556 S.W.3d at 280.  "We consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement." *Frost Nat. Bank*, 165 S.W.3d. at 312.  We further construe a contract from a utilitarian standpoint remaining mindful of the particular business activity the parties are seeking to serve.  *Id*.

The parties dispute whether the right of first refusal is valid and enforceable after the expiration of the lease.  To ascertain the intentions expressed in the lease agreement, we begin our analysis by examining the lease agreement's text.  *See Tarr*, 556 S.W.3d at 280; *Frost*, 165 S.W.3d at 311–12; *Startex*, 208 S.W.3d at 600.  Here, the agreement expressly grants Mr. W a "first right of refusal should [Jimenez] decide to sell."  It describes this right "as an independent restriction that survives the lease," which prohibits Jimenez from selling any portion of the leased premises (including adjoining or contiguous portions) to a fireworks competitor during the term of the lease

and for a period of ten years after the lease is terminated. Accordingly, by its own terms, the lease evidences the parties' intent to bestow Mr. W a right of first refusal meant to survive the expiration of the lease.

Concho does not dispute the plain language of the lease agreement. Instead, it argues Mr. W's right of first refusal is a real covenant running with the land and could only be enforced by Mr. W when it owned a present interest in the land. In other words, Mr. W's enforceability of the right of first refusal ended when the lease expired.

Concho's position, however, ignores the lease agreement's plain language. We recognize "a real covenant endures only so long as the interest in land to which it is appended." *First Permian, L.L.C. v. Graham*, 212 S.W.3d 368, 372 (Tex. App.—Amarillo 2006, pet. denied) (citing *Talley v. Howsley*, 170 S.W.2d 240, 243 (Tex. Civ. App.—Eastland 1943), *aff'd*, 142 Tex. 81, 176 S.W.2d 158 (1943)); *see Stone v. Tigner*, 165 S.W.2d 124, 127 (Tex. Civ. App.—Galveston 1942, writ ref'd) (holding holder of right of first refusal was allowed to enforce his right because he owned valid lease). But this general principle is not dispositive because a covenant is also "subject to the general rules of contract construction[,]" and "[a] paramount concern when construing covenants is giving effect to the objective intent of the drafters." *Tarr*, 556 S.W.3d at 280. Pertinent to this case, "[r]ights of first refusal are bargained-for contractual provisions, and their scope must be determined by interpreting the contractual language at issue." *Startex*, 208 S.W.3d at 600. Here, the lease granted Mr. W a right of first refusal, and the parties agreed this right was "an independent restriction that survives the lease." *See id.* at 601–02 (construing lease terms and concluding right of first refusal provision survived sale of property); *see also McMillan v. Dooley*, 144 S.W.3d 159, 185–86 (refusing to require right holder to own real property interest in order to enforce right because terms of farmout agreement showed parties intended otherwise).

Accordingly, summary judgment in favor of Concho on its declaratory judgment claim was improper.

### Specific Performance

Mr. W next argues Concho's failure to convey its interest in the property to Mr. W constituted a breach of the lease agreement, entitling it to specific performance as a matter of law. Concho counters, asserting it did not breach the lease agreement because it has not yet purchased the property, and therefore, Mr. W is not entitled to specific performance.

In general, specific performance is an equitable remedy a trial court may award upon a showing of breach of contract if monetary damages would not be adequate. *Maxey v. Maxey*, 617 S.W.3d 207, 225 (Tex. App.—Houston [1st Dist.] 2020, no pet.). In cases involving a right of first refusal, if a grantor sells burdened property to a third party without first offering it to the right holder, a breach of contract occurs. *Archer*, 566 S.W.3d at 287; *Mr. W Fireworks*, 2022 WL 1462400, at *3. When such a breach occurs, a right holder can seek specific performance. *Archer*, 566 S.W.3d at 287. In the event the grantor has already conveyed the property to a third party, then "the holder can seek money damages against the grantor and specific performance against the third party." *Mr. W Fireworks*, 2022 WL 1462400, at *3; *see Archer*, 566 S.W.3d at 287 (providing third party buyer "'stands in the shoes of the original seller when specific performance is sought and may be compelled to convey title to the [holder of the right of first refusal]'" (alteration in original) (quoting *Jarvis v. Peltier*, 400 S.W.3d 644, 652 (Tex. App.—Tyler 2013, pet. denied)).

In this case, there is no evidence Jimenez sold or conveyed the property at issue to Concho. Relief against a third-party purchaser requires the third party to have purchased the property. *See Mr. W Fireworks*, 2022 WL 1462400, at *3. At most, the summary judgment evidence shows Concho owned an interest in a purchase contract for the sale and purchase of the property; it does

not establish Concho actually purchased the property. Accordingly, Mr. W did not establish it was entitled to specific performance as a matter of law.

### Attorney's Fees

Finally, Mr. W asks us to remand the attorney's fees issue to the trial court. Under section 37.009 of the Texas Civil Practice & Remedies Code, a trial court "may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. "When an appellate court reverses a declaratory judgment, it may reverse an attorney's fee award, but it is not required to do so." *Kachina Pipeline Co., Inc. v. Lillis*, 471 S.W.3d 445, 455 (Tex. 2015).

Here, the trial court ultimately declared the right of first refusal provision void and unenforceable and denied attorney's fees as to both parties. Having determined the trial court erred in its declaration, we further reverse the trial court's judgment regarding attorney's fees and remand the attorney's fees issue to the trial court for further proceedings. *See id.*; *Townsend v. Hindes*, 619 S.W.3d 763, 778 (Tex. App.—San Antonio 2020, no pet.) (reversing and remanding issue of attorney's fees to trial court after reversing declaratory judgment).

### CONCLUSION

Based on the foregoing, we conclude the right of first refusal provision survives the expiration of the lease. We therefore reverse the trial court's summary judgment in favor of Concho, render judgment the right of first refusal provision is enforceable, and remand the issue of attorney's fees for further proceedings. We affirm the trial court's judgment in all other respects.

Luz Elena D. Chapa, Justice