# NO. 12-16-00063-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN LANE,*<br>*APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THOMAS LANE AND GLYNDIA*<br>*LANE,*<br>*APPELLEES* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Justin Lane appeals from a summary judgment entered against him in favor of Thomas and Glyndia Lane. He presents three issues on appeal. We affirm.

## BACKGROUND

Lane's Auto Sales (Lane's) is a family business being managed by Justin. Thomas and Glyndia are Justin's parents. In May 2007, Justin and Glyndia signed a deed of trust to secure a promissory note for $207,000.00. The deed of trust imposed a lien on the real property on which Lane's is situated (the real property). Justin and Glyndia each owned an undivided one-half interest in the real property.

In March 2012, Justin and his wife sued Thomas, Glyndia, and Justin's siblings due to disagreements regarding Justin's operation of Lane's. To settle the litigation, the parties entered into a compromise settlement agreement (CSA). The CSA provided in part that (1) Justin and his wife would assign their interests in Lane's to Thomas and Glyndia, (2) Justin would receive various items of personal property enumerated in the CSA, and (3) Justin would convey his one-half interest in the real property to Thomas and Glyndia once they either assumed the note or, if unable to assume the note, obtained financing to satisfy the note. However, if Thomas and

Glyndia were unable to assume the note or obtain financing within the prescribed time period, they were to convey their interest in the real property to Justin.

Because Thomas was not a record owner of the real property and he and Glyndia had not filed annual income taxes for the prior year, Austin Bank Texas, N.A. (the Bank) would agree only to an assumption of the note by Glyndia individually. The Bank drafted an Assumption Warranty Deed by which Justin would convey his interest in the real property to Glyndia, and the Bank agreed it would look only to Glyndia for satisfaction of the note. Justin claimed the deed did not satisfy the terms of the CSA and refused to sign it. He contended the CSA required both Thomas and Glyndia to assume the note.

Thomas and Glyndia sued Justin for breach of contract and sought specific performance, a declaratory judgment, and reformation of the CSA. They later filed a motion for summary judgment on traditional and no evidence grounds, both of which encompassed arguments that Thomas and Glyndia complied with the CSA and that Justin breached the CSA. On traditional grounds, they also sought a declaratory judgment and reformation of the CSA. The trial court granted summary judgment and ordered that Justin specifically perform under the CSA. The trial court also reformed the CSA to allow Glyndia to assume the note individually and to permit Justin to convey his interest in the real property to Glyndia only. The trial court's order does not specify whether summary judgment was granted on traditional or no evidence grounds. This appeal followed.

## SUMMARY JUDGMENT

In his first issue, Justin contends the trial court erred when it granted Thomas and Glyndia's motion for summary judgment and ordered him to specifically perform under the CSA.

### Standard of Review

The standard for reviewing a traditional summary judgment is well-established. The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When the movant seeks summary judgment on a claim in which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See*

***Randall's Food Mkts., Inc. v. Johnson***, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present the trial court with any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Generally, a trial court may not consider summary judgment evidence not referenced in or incorporated into the motion. *Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 236 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Additionally, after an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claims. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id*. at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id*. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id*.

In determining whether an appellant has raised more than a scintilla of evidence regarding the grounds on which a no evidence motion for summary judgment was based, we are limited to the summary judgment proof produced in the response. *DeGrate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 408 (Tex. App.—Tyler 2008, no pet.). In both traditional and no evidence summary judgment motions, we review the record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order does not specify the grounds

on which it granted summary judgment, we affirm the trial court's ruling if any of the theories advanced in the motion are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

When a party moves for both a traditional and a no evidence summary judgment, we typically first review the trial court's summary judgment under the no evidence standards of Rule 166a(i). *Ridgway*, 135 S.W.3d at 600. If the no evidence summary judgment was properly granted, we do not reach the arguments made in the traditional motion for summary judgment. *See id.* at 602. This rule applies when the same issues were raised in both the traditional and no evidence grounds. *Dunn v. Clairmont Tyler, L.P.*, 271 S.W.3d 867, 870 (Tex. App.—Tyler 2008, no pet.).

## Applicable Law

The essential elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. *Jarvis v. Peltier,* 400 S.W.3d 644, 653 (Tex. App.—Tyler 2013, pet. denied). A breach may occur when a party fails to perform in accordance with the stipulations of the contract. *Dorsett v. Cross,* 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). A breach is determined by comparing a contract's terms with the actions of the alleged breaching party. *Enron Oil & Gas Co. v. Joffrion,* 116 S.W.3d 215, 221 (Tex. App.—Tyler 2003, no pet.).

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983). Courts examine and consider the entire writing and give effect to all provisions of the contract so that none will be rendered meaningless. *Id.* If the contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous and the court will construe the contract as a matter of law. *Id.*

## Analysis

Justin argues that the trial court should not have granted Thomas and Glyndia's motion for summary judgment because the summary judgment evidence conclusively negates their claims.

Under the terms of the CSA, Thomas and Glyndia had six months, plus an additional six month option period, to either assume the note or obtain financing to pay the note. Once Thomas

and Glyndia met this requirement, Justin was to transfer his interest in the real property to them. If Thomas and Glyndia were unable to comply within the allotted time, they were to transfer their interest to Justin.

The summary judgment evidence shows, and the parties agree, that the Bank would not agree to an assumption of the note by both Thomas and Glyndia. This was because Thomas was not a record owner of the real property and Thomas and Glyndia had yet to file their annual tax return. However, the Bank agreed that Glyndia could assume the note individually. The Bank prepared an Assumption Warranty Deed in which it released Justin from his obligations on the note and warranted that it would look solely to Glyndia for payment of the note. Nevertheless, Justin asserts that the terms of the CSA required both Thomas and Glyndia to assume the note before he must convey the real property to them. We disagree.

In their petition, Thomas and Glyndia alleged that they had performed or substantially performed their contractual obligations. In the no evidence portion of their summary judgment motion, they argued that there was no evidence to demonstrate that they breached the CSA. On appeal, they contend that they complied with the CSA because a joint assumption of the note by both Thomas and Glyndia was not a condition precedent to Justin's performance under the agreement.

The CSA expressly provides that Justin will convey his interest in the real property when Thomas *and* Glyndia (1) assume the note within thirty days of the CSA's execution date, or (2) if unable to assume the note, obtain their own financing to satisfy the note. "[E]xactitude in the performance of contractual duties may not be required where any deviations or deficiencies do not seriously impair the purpose underlying the contractual provision." ***In re G.D.H.***, 366 S.W.3d 766, 771 (Tex. App.—Amarillo 2012, no pet.). Assuming, without deciding, that both Glyndia and Thomas were required to assume the note, we cannot say that the trial court erred by finding that they did not breach the CSA. An assumption of the note by Glyndia alone is consistent with the underlying purpose of the CSA. Whether Thomas, Glyndia, or both assumed the note, the end result is the same: Justin is no longer responsible for the note. Accordingly, the summary judgment evidence supports a conclusion that Glyndia and Thomas did not breach the CSA, and that Justin breached the CSA by refusing to sign the Assumption Warranty Deed. *See id*. Thus, the trial court did not err by granting a no evidence summary judgment against Justin. *See* TEX. R. CIV. P. 166a(i); *see also **Ridgway***, 135 S.W.3d at 600; ***S.S.***, 858 S.W.2d at 380. We

5

overrule Justin's first issue and need not address the summary judgment motion on traditional grounds. *See Ridgway*, 135 S.W.3d at 602.

## COUNTERCLAIM

In his third issue, Justin argues the trial court abused its discretion when it struck his counterclaim. Justin alleged in his counterclaim that Thomas and Glyndia breached the CSA and were required to convey their interest in the real property to him. Because we have held that the trial court did not err in granting summary judgment against him, Justin cannot prevail on his counterclaim as a matter of law. Therefore, this issue is moot and we decline to address it. *See* TEX. R. APP. P. 47.1. We overrule Justin's third issue.

## REFORMATION

In his second issue, Justin contends that the trial court erred when it reformed the contract to require that he convey his interest in the real property to Glyndia. According to Justin, the CSA's terms prevented reformation, a trial court will not reform a contract to create an agreement not made by the parties, and a trial court cannot rewrite a contract.

When a party moves for summary judgment on multiple grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals that order must negate all possible grounds upon which the order could have been based. *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). To do so, the appealing party must assert either a separate issue challenging each possible ground, or a general issue that the trial court erred in granting summary judgment and within that issue providing argument negating all possible grounds upon which summary judgment could have been granted. *Id.* If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. *Id.*

In their motion for summary judgment, Thomas and Glyndia argued that reformation of the CSA was appropriate to correct a mutual mistake. They alleged that a mutual mistake occurred because all parties had operated under the mistaken belief that the Bank would approve assumption of the note by both Glyndia and Thomas. Thus, they sought reformation of the CSA if the trial court determined that the CSA required both of their names to appear on the note.

Justin has presented no argument challenging that a mutual mistake existed. Because he has not challenged this basis for summary judgment on the reformation claim, we must affirm the reformation of the CSA based on mutual mistake. *See id.* We overrule Justin's second issue.

## DISPOSITION

Having overruled Justin's three issues, we *affirm* the trial court's judgment.

GREG NEELEY
Justin

Opinion delivered December 9, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 9, 2016**

**NO. 12-16-00063-CV**

**JUSTIN LANE,**
Appellant
V.
**THOMAS LANE AND GLYNDIA LANE,**
Appellees

Appeal from the 124th District Court

of Gregg County, Texas (Tr.Ct.No. 2014-0576-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **JUSTIN LANE,** for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*