[No. 9565.    Department One. — November 12, 1887.]

JOHN C. MAYNARD, ADMINISTRATOR ETC. OF BRIDGET McD. RICE ET AL., RESPONDENTS, *v.* CHARLES B. POLHEMUS, APPELLANT.

DEED — PROVISO TO RESELL TO GRANTOR — COVENANT — CONDITION. — A proviso in the *habendum* clause of a deed, to the effect that if the grantee should ever sell any of the land conveyed, it should be sold to the grantor at a stipulated price, if construed as a covenant, is merely personal, and not binding on the heirs or assigns of the grantee, unless they are expressly named; if regarded as a condition, it is unreasonable, and contrary to the policy of the law, because in restraint of alienation.

APPEAL from a judgment of the Superior Court of San Mateo County.

The facts are stated in the opinion of the court.

*Cope & Boyd,* for Appellant.

The deed in question creates a fee in the grantee, but by reason of the proviso or condition, the estate is a base

or determinable fee. (Civ. Code, secs. 762, 778; Bac. Abr., tit. Condition.) The condition is valid, and is neither repugnant nor impossible; nor does it suspend the power of alienation. It is annexed to the estate as a part of the tenure, and affects the lands into whatever hands it may pass. (Civ. Code, sec. 1109; *Craig* v. *Wells*, 11 N. Y. 320; *Hihn* v. *Peck*, 30 Cal. 289; *Henley* v. *Hotaling*, 41 Cal. 26; *Camp* v. *Cleary*, 76 Va. 140.) The deed from De Peyster to the defendant operated to pass all of his estate, including the right of pre-emption. (1 Hittell's Gen. Laws, sec. 686; Civ. Code, secs. 699, 1083–1085, 1108; *Hearst* v. *Pujol*, 44 Cal. 230.)

*A. H. Loughborough*, for Respondents.

The proviso is a mere personal covenant, and does not bind the heirs or assigns of Cooper, because they are not named therein. (*McDonald* v. *McElroy*, 60 Cal. 484.) If construed as a condition, the proviso is unreasonable, and in restraint of alienation. (*Murray* v. *Green*, 64 Cal. 363; *Du Peyster* v. *Michael*, 6 N. Y. 467; 57 Am. Dec. 470; *Mandlebaum* v. *McDonell*, 29 Mich. 79.)

PATERSON, J.— This is an action in which the administrator and heirs of Bridget McD. Rice are seeking to have quieted their title to a tract of land in San Mateo County. The complaint alleges that Nicholas De Peyster, in September, 1852, granted and conveyed the land in controversy to one Cooper. The deed contained the following clause: "To have and to hold the aforesaid premises unto the said John B. Cooper, his heirs, and to his and their sole use forever; with the sole provision that if the said Cooper should ever sell any of the aforesaid property, it shall be sold to the said De Peyster at the aforesaid price." Cooper went into possession under this deed in 1857, and from that time until his death held the same. He died in November, 1862. By his will, duly admitted to probate, he devised the land to Bridget McD. Rice, who held possession of the premises

until her death, which occurred in July, 1879. The plaintiff Maynard was appointed administrator of the estate in February, 1880. Improvements to the value of about three thousand five hundred dollars had been put upon the land by said Cooper and Rice, and the land itself has greatly increased in value. Defendant claims under a deed from De Peyster, executed on the thirty-first day of March, 1864, and his claim is founded solely upon the provision contained in the deed, and quoted above

The complaint set forth the facts, demurrer was filed by the defendants, which was overruled, and the defendant declining to answer, judgment went for plaintiff as prayed for. Appellant claims that this provision in the deed to Cooper is valid, and that the right to enforce it passed by De Peyster's deed of March, 1864, to the defendant.

If the proviso referred to be construed as a covenant, it was merely personal, and not binding upon the heirs or assigns of Cooper. It does not appear that De Peyster attempted to bind the heirs of Cooper by any covenant. All claim on behalf of De Peyster and his grantees under the proviso ceased upon the death of Cooper. At common law, it was necessary, in order to make the heir responsible, that he be expressly named in the covenant of his ancestor. (*McDonald* v. *McElroy*, 60 Cal. 496.) If it be doubtful whether a clause such as that quoted above be a covenant or a condition, the court should declare it to be a covenant. Chancellor Kent, speaking of a similar provision, said: " It is very questionable whether such a condition would be good at this day." (4 Kent's Com. 131.) Regarded as a condition, it is unreasonable, and contrary to the policy of the law, because in restraint of alienation. (*Murray* v. *Green*, 64 Cal. 363; Civ. Code, secs. 711, 715.)

Judgment affirmed.

TEMPLE, J., and McKINSTRY, J., concurred.