BUMPASS v. JOHNSON et al.   (Motion No. 7242.)

(Commission of Appeals of Texas. Section B. Oct. 27, 1926.)

**Husband and wife** ⬥273(1).

Only one-half community property will descend to surviving wife if deceased leaves child surviving, though surviving child be child by a former wife.

On motion for rehearing. Motion overruled.

For former opinion, see 285 S. W. 272, which reversed 275 S. W. 1108.

SPEER, J. Counsel for defendants in error base their motion for a rehearing on our decision of the case upon the theory that the deceased, Nelson, left a child, and that the defendant in error Carrie, therefore, was entitled to only one-half the community property. Their contention is forcefully put in their own language, to wit:

"Counsel may be mistaken as to the law of the matter, but ever since Tarlton, Townes, and Simpkins taught law schools in Texas, and ever since those great judges like Stayton, Brown, and others, graced the Supreme Court, it has been said in Texas that, where there is no child to a community, the survivor takes all the community property. We would cite authorities in support of this proposition were we not so sure this court made the statement that Carrie Nel-

son Johnson took more under the will than she would have without a will without due consideration of the facts. If there was no will, she would have received it all. Then how can this great court make such an inaccurate statement as a basis for its decision?"

Our sinning consists in our reciting the fact that—

"The deceased leaving a surviving child, only one-half the community estate would descend to the surviving wife."

This, undoubtedly, is true, even though such child be the child by a former wife. The authorities cited by us in the original opinion so hold. It is not necessary that such child be the common child of the parties to the community estate, as counsel seem to conceive. We are sure none of the great law teachers or judges named by counsel, whose names we all revere, ever taught or wrote anything to the contrary. The pleadings of both parties treat defendant in error as entitled only to one-half of the community property on the death of her husband, and the will specifically makes the testator's daughter, Ethel Cooper, one of the executors of that instrument. No attack is made anywhere upon the existence of such daughter.

The motion should be overruled.