*551 OPINION.
Littleton :
Petitioner contends that his wife was a member of the valid partnership and owned a one-sixth share of the capital and profits of the business. The Commissioner seizes upon certain provisions of the partnership agreement and insists that the petitioner’s wife “ had no interest in or control over the assets of L. S. Cobb & Co. whatsoever, either as to her share of the taxpayer’s capital investment in the firm or the distributable net profits thereof; she in fact was not a partner in the firm.” We find no support of this claim in the partnership agreement. The parties to the agreement were competent to enter into a valid partnership. The tona ftd&s of the transaction is not questioned. The Civil Code of California provides—
Section 158. Husband, and wife may malee contracts. Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts.
Section 2895. Pas'tnership, what. Partnership is the association of two or more persons, for the purpose of carrying on business together, and dividing its profits between them.
Section 2404. When division of losses implied. An agreement to divide the profits of a business implies an agreement for a corresponding division of its losses, unless it is otherwise expressly stipulated.
Section 2J/28. Poioer of majority of partners. Unless otherwise expressly stipulated, the decision of the majority of the members of a general partnership binds it in the conduct of its business.
Section 24H. Liability of one held out as partner. Any one permitting himself to be represented as a partner, general or special, is liable, as such, to third persons to whom such representation is communicated, and who, on the faith thereof, give credit to the partnership.
Section 2450. Total dissolution of partnership. A general partnership is dissolved as to all the partners:
* * * * * * *
By the transfer to a person, not a partner, of the interest of any partner in the partnership property.
Outside the provisions in the partnership agreement attempting to limit the rights of the wife in the event of separation or death and in respect of her right to alienate her interests, the wife had equal rights and authority with her husband. The provisions relating to the power of alienation by the wife were conditions subsequent, were repugnant to the interest created, and were ineffective to prevent the vesting of the one-half interest in the wife. Jones v. Clipton, 101 *552 U. S. 225; Murray v. Green, 64 Cal. 363; 28 Pac. 118; Maynard v. Tolhemus, 74 Cal. 141; 15 Pac. 451; Kaltschmidt v. Weber, 135 Cal. 590; 79 Pac. 272. The conditions in the partnership agreement restraining alienation by the wife were void under the provisions of section 711 of the California code. This section has general application and provides that “ Conditions restraining alienation, when repugnant to the interest created, are void.”
It was not necessary that the partners make a distribution of profits in order for them to be taxable to the members of the partnership under the revenue statute. The Commissioner is reversed.
Eeviewed by the Board.

Judgment will be entered on 15 days' notice, under Bule 50.