[Civ. No. 13660.   First Dist., Div. Two.   July 22, 1948.]

LESTER J. THOMSON et al., Appellants, v. ALGOT S. LINEER et al., Respondents.

Wm. A. Wittman and Charles S. Buck for Appellants.

A. E. Warth and Garth V. Lacey for Respondents.

DOOLING, J.—This is an appeal from a judgment for the defendants in an action for specific performance or damages in the alternative.

Briefly the facts are as follows: Milton Currier purportedly executed the following document: "When I sell my ranch I'll give Thomsons the first right to buy at 6.00 per acre if they take Sky Ranch."

The appellants purchased the Sky Ranch and paid a full consideration therefor. Thereafter Milton Currier died without ever offering the lower ranch, the one presumably referred to in the option above quoted, for sale at any time.

By decree of final distribution the title to the property was vested in Rebecca Currier, who conveyed by grant deed to the defendant Lineer.

The appellants present three points on this appeal: First, that the court's finding that an option did not exist was not supported by the evidence. Second, that the option created an irrevocable vested interest, is subject to specific performance, and is binding on intervening persons with knowledge of the option.

The third point involves the discretion of the trial court in denying the motion for a new trial on the ground of newly discovered evidence. In view of our conclusion on the second point the third point becomes moot.

We shall not discuss the question whether the writing is genuine, but shall assume for the purposes of this decision that it was in fact executed by Milton Currier.

The controlling question is whether specific performance will lie against the heirs of the offeror, or their grantees.

The right to exercise the option is expressly made contingent upon the happening of an uncertain future event—"when I sell my ranch." It is couched in personal terms and, literally construed, the condition upon which the right to exercise the option depends can only occur during the promisor's lifetime and became impossible of performance upon his death. This is the natural meaning to be placed upon the language used.

It concurs with the meaning given to a similar. provision in a deed in *Maynard* v. *Polhemus*, 74 Cal. 141 [15 P. 451]. In that case a deed from De Peyster to Cooper contained the following proviso: "with the sole provision that if the said Cooper shall ever sell any of the aforesaid property, it shall be sold to the said De Peyster at the aforesaid price." The court said at page 143:

"If the proviso referred to be construed as a covenant, it was merely personal, and not binding upon the heirs or assigns of Cooper. It does not appear that De Peyster attempted to bind the heirs of Cooper by any covenant. All claim on behalf of De Peyster and his grantees under the proviso ceased upon the death of Cooper."

This conclusion makes the consideration of any other question idle.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.