**Stanley E. MARTIN, Appellant,**

v.

**Mary L. LOTT, Independent Executrix of the Estate of Patricia Patterson, Appellee.**

**No. 17881.**

Court of Civil Appeals of Texas, Dallas.

May 25, 1972.

Rehearing Denied June 22, 1972.

Richard Jones, Rain, Harrell, Emery, Young & Doke, Dallas, for appellant.

Mark R. Saiter, Passman, Jones, Stewart, Andrews & Co., Dallas, for appellee.

GUITTARD, Justice.

This appeal is from a summary judgment denying plaintiff Stanley Martin specific performance of a letter agreement concerning repurchase of a certain overriding royalty he had previously conveyed to Patricia Patterson, deceased. The court ruled that by accepting payments made to him as life tenant under Miss Patterson's will, plaintiff made a binding election which bars him from enforcing the letter agreement. We hold that plaintiff was required to elect, but that such an election has not been established as a matter of law, and we remand for further proceedings.

The letter agreement, dated August 7, 1961, is as follows:

"Miss Patricia Patterson
1426 Fidelity Union Building
Dallas 1, Texas

Dear Pat:

In consideration of your willingness to purchase one-half of my one-fourth of the overriding royalty on the Carroll, Dempsey-Montooth, Ellison, Fry Lease and LeForce Lease, I agree that:

Any time you wish to sell your interest, I will re-purchase it for $2,575.00, minus all payments which have been paid thereon from date of purchase until date of re-sale to me.

Sincerely,

/s/ Stanley E. Martin
STANLEY E. MARTIN

In consideration of your guarantee of re-purchase of the above described one-half of one-fourth overriding royalty, I agree that:

I will not sell or transfer this interest to anyone without first offering it to you. The purchase price to you shall be not more than four times my purchase price, minus all payments which have been paid thereon from date of my purchase to date of re-sale to you.

/s/ Patricia Patterson
PATRICIA PATTERSON"

Miss Patterson died October 31, 1970 after receiving more than $16,000 in royalty payments. Her will leaves all income from her oil royalties to plaintiff Martin for his life, with remainder to Mary Lott and Theda Vannoy. Mary Lott qualified as executrix. On December 1, 1970,

counsel for the executrix wrote to plaintiff enclosing a copy of the will and advising that his rights under the letter agreement became "null and void" on the death of Miss Patterson, but that he was entitled under the will to receive the income from the royalties during his life. The record shows that plaintiff accepted from the executrix checks for nine monthly payments beginning December 15, 1970.

On February 22, 1971 by letter addressed to counsel for the executrix, plaintiff gave notice that he was electing to exercise the "option" provided in the letter agreement. Upon her refusal to convey, he filed this suit for specific performance. The executrix counterclaimed, praying for declaration of rights as to whether the royalties in question were subject to the agreement. Both parties moved for summary judgment. The sole ground of defendant's motion, which the trial court sustained, was that plaintiff could not enforce the agreement because he had elected to take under the will. Plaintiff appeals on the single point that this ruling was error.

▇▇▇▇ Although the only counterpoint presented in the brief of defendant executrix seeks to support the summary judgment on the ground that plaintiff made an election as a matter of law to take under the will, she also contends that the letter agreement is unenforceable. She argues that by this agreement Miss Patterson did not actually give plaintiff an option to repurchase the royalty but only agreed to make him an offer before selling or transferring to anyone else, and, since she has made no offer, there is nothing he can ac-

cept to form a binding contract. Defendant is correct in saying that the agreement does not give plaintiff an option in the usual sense of a contract conferring a continuing power to accept a specified offer. However, she is incorrect in asserting that a promise to make an offer to the promisee on specified terms before selling to anyone else cannot be enforced.[1] Such a promise, when supported by consideration, creates a "pre-emptive right," "preferential right of purchase," or "right of first refusal," under which a sale or transfer contrary to such right has the effect of an offer and confers such a power of acceptance.[2] A sale or transfer without making such an offer is a breach of contract for which the remedy of specific performance is available. The original conveyance of royalty to Miss Patterson as well as plaintiff's contemporaneous promise to repurchase at her request provides adequate consideration for her promise not to sell or transfer without first offering the royalty to him at a price to be determined as provided in the agreement.

Neither do we find any uncertainty or ambiguity arising from specification of two purchase prices. Each price applies in a different situation. Miss Patterson has a continuing option to resell to plaintiff at a price to be determined according to one formula, and if she desires to sell or transfer to someone else, plaintiff has a pre-emptive right at a price determined according to another formula.

▇▇▇▇ This pre-emptive right is unusual in that the purchase price on exercise of the pre-emptive right amounts to zero under

---

1. Since no ground of illegality is pleaded under Texas Rule of Civil Procedure, rule 94 or argued on this appeal, we do not decide whether the agreement is void as a perpetuity or restraint on alienation; but see Mattern v. Herzog, 367 S.W.2d 312 (Tex.1963); Sibley v. Hill, 331 S.W.2d 227 (Tex.Civ.App., El Paso 1960, no writ); Atchison v. City of Englewood, 170 Colo. 295, 463 P.2d 297 (1970); H. J. Lewis Oyster Co. v. West, 93 Conn. 518, 107 A. 138 (1919); Restate-

ment, Property § 413 (1944); Reasoner, Preferential Purchase Rights in Oil and Gas Instruments, 46 Tex.L.Rev. 57 (1967); 6 American Law of Property § 26.64 (1952).

2. 1A Corbin, Contracts § 261 (1963); 6 American Law of Property, op. cit. supra note 1, § 26.64; Reasoner, supra note 1 at 64 et seq. See Draper v. Gochman, 400 S.W.2d 545 (Tex.Sup.1966).

the circumstances of this case, since it is limited to four times the original purchase price of $2,575 less all royalty payments received by Miss Patterson, and she had already received more than four times that amount at the time of her death. However, this circumstance does not affect the enforceability of the agreement, if otherwise legal, since, as we have already pointed out, plaintiff's original conveyance to Miss Patterson and his promise to repurchase on certain terms provide adequate consideration for her grant of the pre-emptive right.

Since defendant has not raised in the trial court or on this appeal the question of whether the letter agreement by its terms indicates an intention that the pre-emptive right should terminate on Miss Patterson's death[3] or whether the will amounts to a transfer subject to the agreement rather than one in violation of the agreement,[4] we shall dispose of the appeal on the main question presented, that is, whether plaintiff's acceptance of the royalty payments made to him as life tenant under the will was an election which precludes him from exercising his pre-emptive right.

■ This is not the usual question of construction of a will to determine whether it requires an election or attempts to dispose of property which the testator did not own.[5] The suit is an attack on the will itself as a breach of contract. In order to recover plaintiff must contend, and he does contend, that the devise of the royalty in the will was a breach of the letter agreement. The question is whether plaintiff can maintain such action after having accepted benefits as a life tenant under the will. We hold that an election is required because plaintiff cannot attack a provision in the will and at the same time accept and retain benefits under that same provision.

A similar question was before this court in Lieber v. Mercantile National Bank, 331 S.W.2d 463 (Tex.Civ.App., Dallas 1960, writ ref'd n. r. e.), and we held that a beneficiary who accepted a legacy under a will was barred from claiming specific performance of a contract to make a will providing for her an annual income. Chief Justice Dixon pointed out that the suit was an attack on the will and that to sustain it would have the effect of defeating and preventing full operation of other parts of the will. Likewise, to sustain the present attack on the will would have the effect of defeating the remainder devised to Mary Lott and Theda Vannoy. Consequently, plaintiff was required to elect whether to take his life estate or to exercise his right under the letter agreement.

■ Plaintiff contends that acceptance of the royalty payments could not amount to an election because he was entitled to such payments in either event, that is, if he elected to take as life tenant or if he elected to exercise his pre-emptive right under the letter agreement. This contention is unsound because he was not entitled to such payments under the letter agreement until he exercised his pre-emptive right, and he did not exercise it until his letter of February 22, 1971. His only right to retain payments accepted before that date is his right under the will to receive the income for his life.

■ We hold, however, that the summary judgment is erroneous because de-

---

3. On this point see Maynard v. Polhemus, 74 Cal. 141, 15 P. 451 (1887); and cf. Old Mission Peninsula School District v. French, 362 Mich. 546, 107 N.W.2d 758 (1961).

  At our request counsel have submitted briefs on this point, but they agree that the point is not before us for the purpose of determining the correctness of the judgment below.

4. Cf. Draper v. Gochman, 400 S.W.2d 545 (1966).

5. See for example, Davis v. East Texas Savings & Loan Ass'n, 163 Tex. 361, 354 S.W.2d 926 (1962) and Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (1955).

fendant has not established such election as a matter of law. The summary judgment proof fails to show that when plaintiff accepted the checks he knew that he was required to elect between the life estate provided in the will and his rights under the letter agreement and that he intended to elect to take under the will. Election to take under a will is a question of intention, express or implied. When no express election is made, the intention must be determined from all the circumstances of the case, and the party charged with election must have had knowledge of his inconsistent rights and of his duty to choose between them. This is a question of fact for a jury unless the circumstances are so clear that only one reasonable inference can be drawn.[6] So far as appears in this record, plaintiff first learned of the terms of the will from the letter of December 1, 1970 from counsel for the executrix. This letter did not advise him that he was required to elect but rather that his "option" under the letter agreement had terminated on death of the testatrix. Defendant's motion for summary judgment shows that after receiving this letter plaintiff received and cashed two checks for monthly royalty payments in December, 1970, and one in January, 1971. Then on February 22, 1971, he undertook to exercise his right under the letter agreement by written notice to counsel for the executrix. The record does not show when he discovered that the letter agreement may still have been effective notwithstanding counsel's advice to the contrary. Though a person may ordinarily be presumed to know his legal rights, that presumption does not apply when the issue is his intention to elect between inconsistent rights, particularly when he has been advised by adverse counsel that one of those rights has expired.

The question of election may be approached from another point of view. When the owner of property subject to a pre-emptive right declares his intention to sell, the holder of the right has an election to purchase the property or decline to purchase it and let the owner sell it to another. A transfer in violation of the pre-emptive right is equivalent to such a declaration. In a suit for specific performance of an agreement not to sell or transfer without first making an offer to the plaintiff, such a transfer is considered equivalent to the offer which the owner has failed to make and gives the plaintiff an election to accept or reject, that is, to purchase or to decline to purchase.[7] As in the case of any other offer specifying no time for acceptance, the power of acceptance does not continue indefinitely but terminates on expiration of a reasonable time or by express rejection, or by conduct clearly inconsistent with an intention to purchase.[8] Acquiescence in a transfer made in violation of the pre-emptive right would be conduct inconsistent with an intention to purchase. In this case, when plaintiff learned of the terms of the will, not later than December 2, 1970, he had an election to exercise his pre-emptive right and demand transfer to him of the overriding royalty interest, or to decline to exercise that right and acquiesce in the transfer made by the will in breach of the

---

6. Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906 (1940); Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935); Dunn v. Vinyard, 251 S.W. 1043 (Tex.Com.App. 1923); Wurth v. Scher, 327 S.W.2d 72 (Tex.Civ.App., Fort Worth 1959); cf. Bumpass v. Johnson, 285 S.W. 272 (Tex. Com.App.1926, motions for rehearing overruled, 287 S.W. 243, 290 S.W. 739, reversing Johnson v. Bumpass, 275 S.W. 1108, Tex.Civ.App., Beaumont 1925).

7. Corbin op. cit. supra note 1, § 261 at 474.

8. Restatement, Contracts §§ 35, 36, 37 (1932). See W. T. Rawleigh & Co. v. Izard, 113 S.W.2d 620 (Tex.Civ.App., Eastland 1938, no writ); Goodwin v. Hidalgo County Water Control & Improvement Dist., 58 S.W.2d 1092 (Tex. Civ.App., San Antonio 1933, writ dism'd).
The present agreement is not an option which gives a power of acceptance at any time within a specified period notwithstanding previous rejection, as in Humble Oil & Refining Co. v. Westside Investment Corp., 428 S.W.2d 92 (Tex.Sup. 1968).

agreement. His acceptance of royalty payments before giving notice of exercise of his pre-emptive right may be evidence of his election to acquiesce in the transfer made by the will. We cannot say that it establishes such an election as a matter of law, since this type of election also is a matter of intention and the record fails to show that plaintiff knew about his inconsistent rights and intended to choose between them.

Plaintiff contends that upon reversing the judgment below we should not remand for further proceedings but should sustain his motion for summary judgment. We cannot sustain his motion because, although the stipulated facts do not establish as a matter of law that plaintiff has made a binding election to take under the will rather than to exercise his pre-emptive right, neither do they establish as a matter of law that he has not made such an election. Moreover, important questions remain concerning the duration and effect of the letter agreement, as we have already pointed out.

Reversed and remanded.