

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00360-CV

---

JAMES C. DONNAN AND TREASA LYNN DONNAN, APPELLANTS

V.

RTJ CAPITAL GROUP, LLC, APPELLEE

---

On Appeal from the 169th District Court
Bell County, Texas[1]
Trial Court No. 22-DCV-330906, Honorable Cari L. Starritt-Burnett, Presiding

---

July 31, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellants, James C. and Treasa Lynn Donnan, appeal from the summary judgment granted in favor of RTJ Capital Group, LLC, Appellee ("RTJ"). In four issues, the Donnans argue that the trial court erred by granting RTJ's motion for summary judgment and by awarding it attorney's fees. We affirm.

---

[1] This case is before the Court on transfer from the Third Court of Appeals pursuant to a docket equalization order of the Supreme Court of Texas. TEX. GOV'T CODE ANN. § 73.001.

BACKGROUND

In 2006, Luke de Lange[2] purchased a 79.48-acre tract of land in Bell County (the "de Lange Tract"). In 2008, de Lange conveyed a 14.986-acre portion of the tract to Appellants (the "Donnan Tract"). In conjunction with the conveyance, de Lange and Appellants executed a right of first refusal agreement (the "ROFR"), which granted Appellants rights of first refusal over the remainder of the de Lange Tract. The ROFR was recorded in Bell County on April 17, 2008. Under the terms of the ROFR, if de Lange received a bona fide offer from a third party "to purchase all or any portion of" the remainder of the de Lange Tract that de Lange was willing to accept, de Lange must first offer to sell such property to the Donnans on the same terms and conditions as those in the offer.

In February of 2009, de Lange transferred the remainder of the de Lange Tract to himself in his capacity as trustee of the Luke de Lange Revocable Trust. In January of 2020, the then-trustee of the trust, Margje de Lange, conveyed the same property to T. Carroll Estes and Annette Estes, who transferred it to Estes Investments, LLC – Series 8 ("EIL8") shortly thereafter. The Donnans were not notified of the sale.

In July of 2020, RTJ entered into a contract to purchase ten acres of the de Lange tract from EIL8. RTJ and EIL8 closed on the purchase on February 3, 2021. The following diagram illustrates the respective parties' ownership of the property:

---

[2] We note that Luke de Lange's surname also appears in the record as "De Lange," "DeLange," "Delange," and "deLange." We adopt the use of "de Lange."

2



After the sale, RTJ became aware that the Donnans claimed a preferential right to purchase the tract. In January of 2022, counsel for RTJ provided counsel for the Donnans with a copy of the purchase contract and final settlement statement between RTJ and EIL8. In his email providing the documents, RTJ's counsel wrote, "Please let me know what your client wants to do ASAP."

In a letter to the Donnans' counsel two months later, RTJ's counsel asserted RTJ's position that the ten-acre tract purchased by RTJ from EIL8 was not subject to the ROFR but, to the extent that it was, the Donnans had waived any right they had to purchase because they never notified RTJ that they were ready, willing, and able to purchase the property. RTJ requested that the Donnans execute a release of claims related to the

3

property.  Four days later, on March 25, 2022, the Donnans filed a lawsuit against RTJ, along with other parties who are not parties to this appeal, seeking specific performance.

RTJ sought summary judgment on the Donnans' claims and on its own claim for declaratory judgment to remove cloud on title.  In their motion for summary judgment, RTJ argued that the Donnans had waived their right to purchase under the ROFR by failing to exercise it within thirty days of notification of the sale.  RTJ further asserted that it was entitled to summary judgment on its counterclaim for declaratory judgment.  RTJ sought attorney's fees under the ROFR or alternatively, under the Declaratory Judgments Act.  Following a hearing, the trial court granted RTJ's motion.  All claims between the Donnans and RTJ were then severed and the Donnans filed this appeal.

## ANALYSIS

The Donnans raise four issues in this appeal, two related to the summary judgment granted by the trial court and two related to the award of attorney's fees.  We review the trial court's grant of summary judgment de novo.  *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).  A movant for traditional summary judgment must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c).  In determining whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true and every reasonable inference will be indulged in favor of the nonmovant.  *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

4

<u>Rights of First Refusal</u>

"A right of first refusal, also known as a preemptive or preferential right, empowers its holder with a preferential right to purchase the subject property on the same terms offered by or to a bona fide purchaser." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 644 (Tex. 1996). Generally, the right requires the owner, before selling the property to another, to offer it to the rightholder on the terms and conditions specified in the agreement conferring the right. *A.G.E., Inc. v. Buford*, 105 S.W.3d 667, 673 (Tex. App.—Austin 2003, pet. denied). A purchaser with actual or constructive notice of a right of first refusal takes the property subject to that right. *Carl M. Archer Tr. No. Three v. Tregellas*, 566 S.W.3d 281, 287 (Tex. 2018).

When a grantor sells property in breach of the right of first refusal, the rightholder attains an enforceable option to acquire the property according to the terms of the sale. *Buford*, 105 S.W.3d at 673; *see also Martin v. Lott*, 482 S.W.2d 917, 922 (Tex. Civ. App.—Dallas 1972, no writ) (transfer in violation of right of first refusal is equivalent to declaration of owner's intention to sell property). However, this option is not perpetual, and the rightholder must choose between exercising it or acquiescing in the transfer. *Buford*, 105 S.W.3d at 673. When the rightholder learns of such a sale, he has the opportunity to elect to purchase or decline to purchase, just as if he had been properly notified of the offer to buy. *Id.* The purchaser stands in the shoes of the original seller when specific performance is sought and may be compelled to convey title to the rightholder. *Tregellas*, 566 S.W.3d at 287*.*

5

Issue 1: Offer Triggering Duty under ROFR

In their first issue, the Donnans assert that the summary judgment evidence shows that RTJ did not make a "valid offer" to the Donnans, either under Texas law or as required by the ROFR, that would trigger any obligation to act under the ROFR. At a minimum, the Donnans argue, the evidence creates fact issues as to whether RTJ made a triggering offer.

The ROFR provides, "If Owner receives a bona fide offer from a third party . . . to purchase all or any portion of the Property and Owner is willing to accept the . . . Offer," then "Owner shall first offer to sell to Donnan the Property . . . ." Thus, under the ROFR, the duty to offer property to the rightholder does not arise until the owner of the property encumbered by the right contemplates a disposition of the property. Luke de Lange was the first owner of the property to have that duty. RTJ is a purchaser that became an owner subject to that duty. However, RTJ has not attempted to transfer the property and has therefore not incurred the obligation to satisfy the right of first refusal by offering the property to the Donnans. That is, an "Owner Offer" conforming to the requirements of the ROFR is not required in the absence of the owner's intention to sell the property.

Here, the Donnans' option to purchase was not triggered by the property owner's notice of intention to sell, but rather by the transfer of the property from EIL8 to RTJ in violation of the Donnans' right of first refusal. *See Martin*, 482 S.W.2d at 922 (transfer in violation of preemptive right is equivalent to declaration by owner that he intends to sell property). As explained by the Third Court of Appeals in *Buford*, "When the rightholder learns of a sale in violation of her right, she again has the opportunity to either accept or

6

reject within the specified time frame, *just as if the offer to buy had been properly noticed*, *i.e.*, she must either elect to purchase or decline to purchase." *Buford*, 105 S.W.3d at 673 (emphasis added); *see also Jarvis v. Peltier*, 400 S.W.3d 644, 652 (Tex. App.—Tyler 2013, pet. denied) (same). Because RTJ was not in the posture of an owner contemplating a sale of the property, RTJ was not required to make an offer conforming to the express requirements of the ROFR or of Texas law. Instead, RTJ had "a duty to make reasonable disclosure of the terms of the purchase to the rightholder." *Jarvis*, 400 S.W.3d at 652; *see also Koch Indus., Inc. v. Sun Co.*, 918 F.2d 1203, 1212 (5th Cir. 1990) (applying Texas law; same).

The Donnans do not dispute that on January 26, 2022, via counsel, RTJ provided them with a copy of the transaction documents, namely the purchase contract between RTJ and EIL8, the related settlement statement, and check to the title company. RTJ thus discharged its obligation to make reasonable disclosure to the Donnans, triggering the Donnans' duty to make an election to either exercise their right or acquiesce in the transfer. *See Comeaux v. Suderman*, 93 S.W.3d 215, 220 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("[B]ecause Comeaux received notice and was given the opportunity to exercise his right of first refusal, technical deficiencies in the notice or even no notice cannot revive the right he declined."); *see also McMillan v. Dooley*, 144 S.W.3d 159, 178 (Tex. App.—Eastland 2004, no pet.) (preferential right was triggered by burdened oil and gas lease's sale in transaction involving two additional leases; defendants made sufficient presentment by making reasonable disclosure of terms of conveyance).

Moreover, we disagree with the Donnans' argument that RTJ could not trigger the Donnans' obligation to act because RTJ could not and did not offer to sell the entire tract

7

subject to the ROFR. The ROFR includes no express limitation on the sale of only a portion of the property, as it contemplates offers to purchase "all or any portion" of the property. Thus, we conclude that RTJ's disclosure of the terms of its purchase of a 10-acre portion of the ROFR tract triggered the right of first refusal with respect to that portion. *See Hicks v. Castille*, 313 S.W.3d 874, 883 (Tex. App.—Amarillo 2010, pet. denied) (agreement granting right of first refusal as to four-acre tract allowed owner to sell portion of tract, as holding otherwise would cause unreasonable restraint on alienation by prohibiting owner from selling any portion less than entirety of tract). We conclude that RTJ's failure to make a "valid offer" to the Donnans does not preclude summary judgment. We overrule the Donnans' first issue.

Issue 2: Waiver of Rights under ROFR

In their second issue, the Donnans argue that the summary judgment evidence creates multiple fact issues regarding RTJ's claim that the Donnans waived their rights under the ROFR.

When, as here, the holder of a right of first refusal learns of a sale in violation of his rights, he "has the opportunity to elect to purchase or decline to purchase within the time frame specified in the contract creating the right of first refusal." *Jarvis*, 400 S.W.3d at 652; *see also Buford*, 105 S.W.3d at 673. The contract creating the right of first refusal is the ROFR. The ROFR provides for the Donnans to notify the property owner of their election to purchase within 30 days of receiving the offer. Consequently, we reject the Donnans' argument that they were entitled to a "reasonable time," rather than the 30-day period established by their contract, in which to act.

8

As explained in *Buford*, the specified time frame also applies when the option is triggered by a sale in violation of the right rather than by an owner offer. *Buford*, 105 S.W.3d at 673 (in case of such sale, duty to elect and time frame operate "just as if the offer to buy had been property noticed . . . ."). Once the Donnans' preferential purchase right matured into an enforceable option, it was incumbent upon them to exercise that option within the 30-day period established in the ROFR.

The summary judgment evidence shows that the terms of RTJ's purchase were disclosed to the Donnans on January 26, 2022. The Donnans thus had 30 days from January 26 in which to make their election. The Donnans did not notify RTJ of their intent to exercise their right to purchase in that time frame. Not until RTJ sought a written release, almost 60 days after the triggering event, did the Donnans express to RTJ that they were ready, willing, and able to exercise their option.[3]

The ROFR provides that, if the Donnans fail "to timely exercise [their] rights to purchase within the 30 days described [in the ROFR], then such right shall lapse . . . ." The loss of their option to purchase was the consequence of the Donnans' failure to comply with the contract's provision requiring that an election be made in the 30-day period.[4] *See Ellis v. Waldrop*, 656 S.W.2d 902, 904 (Tex. 1983) (where right of first refusal agreement provided that rightholder had "a reasonable time, not to exceed 30 days" to exercise right after receipt of offer, failure to exercise right within 30 days resulted in waiver of right); *Buford*, 105 S.W.3d at 673 (power of acceptance lapses upon

---

[3] The Donnans stated this intent in the lawsuit they filed on March 25, 2022.

[4] Because the ROFR expressly provides that the right to purchase lapses upon expiration of the 30-day period, we reject the Donnans' claim that any waiver of their right had to be reduced to writing.

9

expiration of time specified in offer); *see also Conoco, Inc. v. Amarillo Nat'l Bank*, 950 S.W.2d 790, 795 (Tex. App.—Amarillo 1997, no writ) ("Waiver occurs when a person, who has full knowledge of the material facts, acts or fails to act upon a right which he legally holds, and such act or failure to act is inconsistent with that right or the intention to rely upon that right.").

Finally, we are unpersuaded by the Donnans' claim that RTJ lacked standing to demand action within the 30-day period provided by the ROFR. A contracting party cannot accept the benefits of a contract and disclaim its obligations. *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 74 (Tex 2008) (Wainwright, J., dissenting); *Daniel v. Goesl*, 341 S.W.2d 892, 895 (Tex. 1960) (one who accepts benefits of contract must also assume its burdens). As litigants asserting their rights under the ROFR, the Donnans must accept the other provisions of the ROFR, including its time limitations.

We conclude that, because the Donnans failed to exercise their right of first refusal within the time frame required under the ROFR after being notified of the terms of the sale, the option was extinguished. We overrule their second issue.

Issues 3 and 4: Attorney's Fees

The trial court awarded RTJ $34,518 in reasonable and necessary attorney's fees for proceedings at the trial court, along with $15,000 in contingent fees for proceedings before this Court and $22,500 in contingent fees for proceedings before the Supreme Court of Texas. In their third and fourth issues, the Donnans claim that RTJ is not entitled to any attorney's fees, either under the ROFR or under the Declaratory Judgments Act.

In both its appellate brief and in argument to the trial court, RTJ has affirmatively disclaimed any request for attorney's fees under the Declaratory Judgments Act. Therefore, we consider only whether it is entitled to attorney's fees under the ROFR.

In its answer and counterclaim, RTJ made a general request for attorney's fees but did not identify the basis for that request. The Donnans argue that the only theory RTJ pleaded in support of attorney's fees was its claim under the Declaratory Judgments Act. However, in its motion for summary judgment, RTJ requested an award of attorney's fees "based on the terms of the ROFR." In their response to the motion, the Donnans did not object to RTJ's failure to plead for attorney's fees in its answer. Therefore, the Donnans waived any complaint regarding RTJ's request being made in its motion rather than in its answer and counterclaim. *See Ogle v. Hector*, No. 03-16-00716-CV, 2017 Tex. App. LEXIS 7210, at *8 (Tex. App.—Austin Aug. 2, 2017, pet. denied) (mem. op.), and cases cited therein (by failing to object to opponent's failure to include request for attorney's fees in answer, party waived complaint that request was made only in motion for summary judgment). The ROFR provides for attorney's fees to be awarded to a party prevailing in a suit to enforce or construe the agreement. Therefore, RTJ is entitled to attorney's fees under the ROFR.

Lastly, the Donnans claim that RTJ is not entitled to any contingent appellate fees because the summary judgment evidence in support of those fees was untimely filed and RTJ failed to show good cause for its late filing. Summary judgment evidence may be filed late, but only with leave of court. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). We review the trial court's decision regarding leave to file summary judgment evidence late for an abuse of discretion. *Campbell v. Auto. Ins. Co. of Hartford Conn.*,

11

No. 07-06-00158-CV, 2007 Tex. App. LEXIS 3643, at *10–11 (Tex. App.—Amarillo May 9, 2007, no pet.) (mem. op.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

RTJ filed its motion for summary judgment on February 28, 2023. The hearing on the motion was set for April 21. On April 20, RTJ filed a motion for leave to file supplemental summary judgment evidence, which consisted of a short declaration by RTJ's counsel regarding his estimate of reasonable and necessary attorney's fees in the event of an appeal. RTJ's motion asserted that the original declaration "inadvertently omitted a final paragraph that provided an opinion on reasonable and necessary attorneys' fees that would be incurred on appeal." The hearing went forward on April 21.

At the conclusion of the hearing, the trial court granted RTJ's motion for summary judgment. The trial court also granted the motion for leave, adding to its order that the Donnans "have reasonable time to respond to the request" regarding evidence of appellate attorney's fees. On May 3, 2023, the Donnans filed a response to RTJ's motion for leave arguing that RTJ was not entitled to attorney's fees.

In *Wheeler v. Green*, the Supreme Court of Texas reaffirmed that allowing a late summary-judgment response was proper upon a showing of (1) good cause, and (2) no undue prejudice. 157 S.W.3d 439, 442 (Tex. 2005). "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Id.* Undue prejudice may result if the proceedings are delayed or the opposing party's ability to prepare is significantly hampered. *Id.* at 443. Here,

12

RTJ's counsel asserted that information regarding appellate attorney's fees was "inadvertently omitted," indicating an accident or mistake. Additionally, the trial court granted the Donnans additional time to respond to the late-disclosed information concerning attorney's fees, allowing them the opportunity to prepare a response. In their response, the Donnans did not challenge the amounts of the contingent fees, nor did they claim undue prejudice or lack of good cause. Given these facts, we conclude that the trial court did not abuse its discretion in granting RTJ leave to file late summary judgment evidence. We overrule the Donnans' final issue.

## CONCLUSION

Having overruled each of the Donnans' issues on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice