# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00420-CV

---

**James C. Donnan and Treasa Lynn Donnan, Appellants**

**v.**

**T. Carroll Estes; Annette Estes; Estes Investments, LLC;
and Estes Investments, LLC – Series 8, Appellees**

---

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 24DCV346684;
### THE HONORABLE CARI L. STARRITT-BURNETT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This case involves a sale of real property in violation of a right of first refusal ("ROFR"). James C. and Treasa Lynn Donnan sued T. Carroll Estes; Annette Estes; Estes Investments, LLC; and Estes Investments, LLC–Series 8 (collectively the Estes Parties) and others, seeking specific performance. The Esteses had purchased a tract of land on which the Donnans held a contractual ROFR. The trial court granted summary judgment for the Estes Parties on the ground that the Donnans had waived their rights under the ROFR contract. The Donnans appeal. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2006 Luke De Lange acquired a 79.48-acre tract of land in Bell County, Texas. In January 2008 he sold about 15 of those acres to the Donnans. Separately, he sold the Donnans

a ROFR covering about fifty-five of the remaining acres. The ROFR contract between De Lange and the Donnans imposed specific obligations on De Lange if he received an offer to purchase all or any portion of the ROFR tract:

> **Offer.** If Owner [De Lange] receives a bona fide offer from a third party in the form of a contract of sale (the "Third Party Contract Offer") to purchase all or any portion of the Property and Owner is willing to accept the Third Party Contract Offer, i.e., enter into the contract of sale, Owner shall first offer to sell to Donnan the Property ("Owner Offer"), which Owner Offer must be on the same terms and conditions as the Third Party Contract Offer.
>
> The Owner Offer must be in writing and must contain a copy of the Third Party Contract Offer. Furthermore, the Third Party Contract Offer must include the purchase price, the finance terms, provisions for payment of closing costs and a title commitment, the closing date, and such other material terms and conditions which relate to the purchase of the Property by the third party.
>
> Donnan will notify Owner in writing whether Donnan elects to purchase the Property by executing the Owner Offer within 30 days after Owner delivers to Donnan the Owner Offer. If Donnan does so execute the Owner Offer, the Owner, in turn, shall execute and deliver the Owner Offer to the title company named in the Owner Offer within 3 days of receipt of the signed Owner Offer by Owner.

The ROFR contract also provided that a failure to satisfy the 30-day deadline within which the Donnans had to decide whether to exercise their right to purchase after being notified of a bona fide offer would result in a lapse of their right:

> If Donnan fails or is unable to timely exercise its rights to purchase within the 30 days described above, then such right shall lapse, and Owner may sell the Property described in the Third Party Contract Offer to the third party on the terms contained in the Third Party Contract Offer.

In February 2009 De Lange transferred the ROFR tract to himself as trustee of his family trust. This internal transfer did not trigger the Donnans' 30-day deadline. In January 2020, however, the trust sold the ROFR tract to T. Carroll and Annette Estes. The Esteses immediately

2

conveyed the ROFR tract to Estes Investments, LLC–Series 8 ("EIL8"). The Donnans allege that they were not given notice of De Lange's transfer to the Esteses.

In February 2021 EIL8 sold ten acres of the ROFR tract to RTJ Capital Group, LLC. The remainder of the property was retained by EIL8. The Donnans later discovered the transfers, and their lawyers began communicating with lawyers for the Estes Parties and RTJ. On December 3, 2021, the Estes Parties' lawyer emailed the Donnans' lawyer copies of the purchase contract and the settlement statement from the De Lange trust's sale to the Esteses.[1] The next written communication from the Donnans was the filing of this lawsuit on March 25, 2022.

The record contains evidence that on December 30, 2021, during telephone discussions between the parties' lawyers, the Donnans' attorney communicated orally to the Estes Parties' attorney that the Donnans intended to exercise their ROFR option to purchase. This statement, however, was never put in writing. After further communication between the lawyers, the parties were unable to reach an agreement unwinding the transfers. As a result, on March 25, 2022, the Donnans sued three groups of defendants: (1) the Estes Parties; (2) Luke De Lange Revocable Trust, Estate of Luke De Lange, and Margie De Lange Individually and as Trustee of the Luke De Lange Revocable Trust (collectively the De Lange Parties); and (3) RTJ.

RTJ sought and was granted summary judgment on the ground that the Donnans had waived their rights under the ROFR contract by failing to exercise their option within 30 days after being notified of the sale of 10 acres to RTJ. Following this, the Donnans sought and obtained a severance of their claims against RTJ from other claims in the suit so they could appeal the RTJ summary judgment. That appeal was transferred by the Texas Supreme Court to the Amarillo

---

[1] RTJ provided similar documentation to the Donnans on January 26, 2022, pertaining to the sale from EIL8 to RTJ.

Court of Appeals, which has since affirmed the summary judgment in RTJ's favor. *See Donnan v. RTJ Cap. Grp., LLC*, No. 07-23-00360-CV, 2024 WL 3614748 (Tex. App.—Amarillo July 31, 2024, pet. denied) (mem. op.). On October 24, 2025, the Texas Supreme Court denied the Donnans' petition for review of the Amarillo Court's decision.

The severance of the Donnans' claims against RTJ left the Estes Parties and the De Lange Parties as defendants in the original action. The Estes Parties subsequently filed their own motion for summary judgment, on grounds essentially identical to those asserted by RTJ in its motion. The trial court granted the Estes Parties' motion. The Donnans then obtained a severance of their action against the Estes Parties from what remained of the case. That severance order having made the Estes Parties' summary judgment final and appealable, the Donnans perfected the present appeal.[2]

## DISCUSSION

The legal standards for reviewing a summary judgment in Texas are well established:

> We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion for summary judgment, the movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once a movant establishes a right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *Williams v. Bell*, 402 S.W.3d 28, 35 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Summary judgment evidence raises a genuine issue of fact if, in light of the evidence,

---

[2] The severance order also decreed that any and all remaining claims in the original action were abated pending resolution of the appeals in the two severed cases.

reasonable and fair-minded jurors could differ in their conclusions. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

*McMurphy v. Moran*, No. 14-23-00543-CV, 2025 WL 1833386, at \*3 (Tex. App.—Houston [14th Dist.] July 3, 2025, no pet.) (mem. op.).

"A right of first refusal, also known as a preemptive or preferential right, empowers its holder with a preferential right to purchase the subject property on the same terms offered by or to a bona fide purchaser." *Archer v. Tregellas*, 566 S.W.3d 281, 286–87 (Tex. 2018) (quoting *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 644 (Tex. 1996)). A grantor's sale of the burdened property to a third party without first offering it to the right-holder on the same terms constitutes a breach of contract. *Id.* at 287. Moreover,

> a person who purchases property with actual or constructive notice of a right of first refusal takes the property subject to that right. And courts are in agreement that such a purchaser "stands in the shoes of the original seller when specific performance is sought and may be compelled to convey title to the [holder of the right of first refusal]."

*Id.* (quoting *Jarvis v. Peltier*, 400 S.W.3d 644, 653 (Tex. App.—Tyler 2013, pet. denied)).

The relevant law regarding the effect of a sale of property in violation of a ROFR is well settled in Texas. The rule was first stated by a Texas appellate court in *Martin v. Lott*, 482 S.W.2d 917 (Tex. App.—Dallas 1972, no writ):

> When the owner of property subject to a pre-emptive right declares his intention to sell, the holder of the right has an election to purchase the property or decline to purchase it and let the owner sell it to another. *A transfer in violation of the pre-emptive right is equivalent to such a declaration. In a suit for specific performance of an agreement not to sell or transfer without first making an offer to the plaintiff, such a transfer is considered equivalent to the offer which the owner has failed to make* and gives the plaintiff an election to accept or reject, that is, to purchase or to decline to purchase.

*Id.* at 922 (emphasis added) (citing "1A Corbin, Contracts § 261 1963"); *see also Koch Indus., Inc. v. Sun Co.*, 918 F.2d 1203, 1211 (5th Cir. 1990) (quoting *Martin*, 482 S.W.2d at 922).

Citing *Martin*, this Court has held that "[w]hen the rightholder learns of a sale in violation of her right, she again has the opportunity to either accept or reject within the specified time frame, *just as if the offer to buy had been properly noticed*, i.e., she must either elect to purchase or decline to purchase." *A.G.E., Inc. v. Buford*, 105 S.W.3d 667, 673 (Tex. App.—Austin 2003, pet. denied) (emphasis added).

Citing both *Martin* and *Buford*, the Tyler Court of Appeals reached the same result:

> *A transfer in violation of the preemptive right is equivalent to a declaration by the owner that he intends to sell the property.* Consequently, when the rightholder learns of a sale in violation of his right, he again has the opportunity to elect to purchase or decline to purchase within the time frame specified in the contract creating the right of first refusal.

*Jarvis*, 400 S.W.3d at 652 (emphasis added) (citation omitted).

And most recently, the Amarillo Court of Appeals applied this rule in the sister case to the present appeal:

> As explained in *Buford*, the specified time frame also applies when the option is triggered by a sale in violation of the right rather than by an owner offer. Once the Donnans' preferential purchase right matured into an enforceable option, it was incumbent upon them to exercise that option within the 30-day period established in the ROFR.

*Donnan*, 2024 WL 3614748, at *4 (citation omitted). The Amarillo Court held that "the Donnans' option to purchase was not triggered by the property owner's notice of intention to sell, but rather by the transfer of the property . . . in violation of the Donnans' right of first refusal." *Id.*

6

In the present appeal, the Donnans argue first that the information they received on December 3, 2021, did not satisfy the requirements of the ROFR contract because the communication to them was not in the form of an "offer." Because the De Lange Parties had already sold the property to the Estes Parties, however, at that point it would have been impossible for them to have made a true offer to sell the property to the Donnans in the future. The cases cited above, however, hold that notice of the violative sale is equivalent to the offer required by the ROFR contract and places the right-holder in the same position he would have been in if he had received a proper offer rather than a notification of the prior sale: "[A] transfer [in violation of the right of first refusal agreement] is considered equivalent to the offer which the owner has failed to make and gives the plaintiff an election to accept or reject, that is, to purchase or decline to purchase." *Koch Indus.*. 918 F.2d at 1211 (quoting *Martin*, 482 S.W.2d at 922).

If an offer is not accepted by the right-holder within the time specified in the ROFR contract (or within a reasonable time if the contract does not specify an acceptance deadline), the right to purchase expires. *See, e.g.*, *Comeaux v. Suderman*, 93 S.W.3d 215, 220 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("If an option contract requires the option holder to give notice of his intent to exercise the option, he must timely give this notice; the failure to give it on time is fatal."). In the present case, the ROFR contract required the Donnans to exercise their option within 30 days after they were delivered the "Owner Offer." They did not act within 30 days of receiving information regarding the prior sale to the Esteses.

An adequate notice of a prior sale provides the right-holder, to the extent possible, the opportunity to exercise his option to purchase the property "just as if the offer to buy had been properly noticed." *Buford*, 105 S.W.3d at 673. In other words, the communication of sufficient information about the prior sale effectively *takes the place of*—i.e., is "equivalent to"—the

7

contractual requirements for a formal offer. Other than that, the terms of the ROFR contract still apply to the extent such terms are material.

In order for a sale made in violation of a ROFR to trigger the right-holder's duty to exercise his option to purchase, the right-holder must be given either the information specified in the ROFR contract or, based on the terms of that contract, reasonable information about the prior violative sale. *See Jarvis*, 400 S.W.3d at 652 ("The right-holder does not have a duty to act in order to exercise his preferential purchase right unless and until he receives a reasonable disclosure of the terms of the sale."); *Buford*, 105 S.W.3d at 673 ("Although the new property owner has a duty to make reasonable disclosure of the terms of the purchase to the rightholder, the rightholder also has a duty to investigate any terms that are unclear to her.").

The reasonableness of the information given to a holder of an ROFR must be guided by the express terms in the ROFR contract, including any specific requirements for triggering an acceptance deadline. *See, e.g.*, *S & L Props. New Pinery, LLC v. Bennett*, No. 2023AP567, 2024 WL 4458130, at *7–8 (Wis. Ct. App. 2024) (unpublished disposition). We believe this rule should apply equally to the transfer of information about a prior violative sale.

As described above, the ROFR contract in the present case contained explicit requirements for triggering the Donnans' duty to exercise their preemptive right. Specifically, the ROFR required that:

- The "Owner Offer" must be in writing and contain a copy of the Third Party Contract Offer;

- The "Third Party Contract Offer" must include:

  1. the purchase price,
  2. the finance terms,
  3. provisions for payment of closing costs and title commitment,

8

4. the closing date, and
5. such other material terms and conditions which relate to the purchase by the third party.

By forwarding copies of the purchase contract and settlement statement from the De Lange trust's sale to the Esteses, the requirements that the Owner Offer be in writing and contain a copy of the Third Party Contract Offer were met. Similarly, those documents also contained the remaining information required by the ROFR contract, including the purchase price, finance terms, closing costs, and title commitment fees involved in the sale. Because the forwarded materials pertained to a prior sale of the property and did not strictly speaking constitute an "offer" to sell in the future, the absence of a closing date was immaterial. Finally, we are not aware of— and the Donnans do not point to—any other "material terms and conditions" that should have been forwarded to the Donnans but were not. We conclude that the documents sent by the Estes Parties' attorney to the Donnans' attorney reasonably satisfied the relevant requirements of the ROFR contract.

The Donnans next argue that the reasonableness of the information they received about the prior sale to the Esteses was a question of fact, making summary judgment inappropriate. While it is true that the issue of reasonableness is often a question of fact, it is not always so:

> While questions of reasonableness must be submitted to a factfinder when a genuine disagreement about the facts prevents the law from generating an objective answer, no case citing that proposition can be understood to say that a factfinder must resolve all issues touching on reasonableness. Rather, the legal standard for reasonableness remains objective even if the "controlling facts" are in doubt. Thus, reasonableness may present a question of law "when from the facts in evidence but one rational inference can be drawn."

*Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 399 (Tex. 2023) (quoting *Lang v. Henderson*, 215 S.W.2d 585, 587 (Tex. 1948)).

9

For all intents and purposes, the Donnans obtained from the documents they received on December 3, 2021, all the information they would have had if they had been sent the "Third Party Contract Offer" materials expressly contemplated by the ROFR contract. We hold that the information received by the Donnans on that date was, as a matter of law, reasonable information about the sale from the De Lange trust to the Esteses and thus was sufficient to trigger the Donnans' contractual duty to exercise their preemptive right to purchase the property. Accordingly, the Donnans had 30 days from December 3, 2021, to make a decision whether to purchase or decline to purchase the property and to communicate that decision in writing to the Estes Parties.

The fact that the Estes Parties had already sold 10 acres of the tract to RTJ is immaterial because the Donnans made no written offer to purchase the property within their 30-day window. It was the violative sale from the De Lange trust to the Esteses (or, in this case, receipt of information about that sale) that triggered the Donnans' contractual duty to exercise their option within 30 days, not the subsequent sale to RTJ. We fail to see how knowledge of the sale to RTJ would have made the Donnans take a different course of action, nor do the Donnans assert that they would in fact have acted differently. Indeed, they did not attempt to exercise their option within 30 days after subsequently learning of the RTJ sale either.

The Donnans argue, however, that they timely exercised their option to purchase because their attorney orally told the Estes Parties' attorney in a December 30, 2021 telephone conversation that the Donnans desired to purchase the property. The record contains evidence that the Estes Parties' attorney responded by stating that "he did not believe that a sale to the Donnans was an option." The Donnans argue that this statement indicates a refusal by the Estes Parties to

10

perform their obligation under the ROFR contract and prevented a conclusion that the Donnans had, as a matter of law, waived their preemptive right.

As to the Donnans' attorney's oral statement that the Donnans intended to purchase the property, this could not have constituted an exercise of their option to purchase because the ROFR contract expressly required that they exercise their option in writing. As to any statement by the Estes Parties' attorney implying that a sale to the Donnans "was not an option," any such vague statement was irrelevant unless and until the Donnans had timely exercised their right to purchase. Only then could the Estes Parties have had a contractual duty to sell them the property.

In their final point, the Donnans argue that the Estes Parties are not entitled to recover their attorney's fees if they are not the prevailing parties in this case. Based on our holding, the Estes Parties have prevailed in the litigation. Accordingly, they are entitled to recover their reasonable attorney's fees pursuant to the ROFR contract and/or the Texas Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.009.

## CONCLUSION

Because the evidence shows conclusively that the Donnans' rights under the ROFR contract lapsed before they took action to exercise those rights, the trial court did not err in granting summary judgment in favor of the Estes Parties. We affirm the trial court's judgment.

11

_____

J. Woodfin Jones, Justice

Before Chief Justice Byrne, Justices Triana and Jones*

Affirmed

Filed:   June 4, 2026

*Before J. Woodfin Jones, Chief Justice (Ret.), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).